MEADOWS *v.* HUDSON.

Opinion delivered May 3, 1909.

1. NEW TRIAL—ABSENCE OF PARTY.—It was within the discretion of a trial court to deny a new trial on account of the absence of a party from the trial if no postponement or continuance was asked on that account. (Page 296.)

2.　AGENCY—AUTHORITY TO BIND PRINCIPAL.—Proof that a tenant on defendant's farm, whose crop had become grassy, was told by defendant to employ some one to 'work it, that the tenant did so, and that defendant was interested in the crop is sufficient to sustain a finding that defendant constituted the tenant his agent to hire some one to work the crop, and was liable therefor.　(Page 296.)

Appeal from Clark Circuit Court; *Jacob M. Carter,* Judge; affirmed.

STATEMENT· BY THE COURT.

J. W. Hudson brought suit before a justice of the peace in Clark County against W. H. Meadows upon an account for $12.50 for labor and work done for defendant.

The defendant denied that he was indebted in any sum, and further pleaded the statute of frauds.　The plaintiff recovered judgment, and the defendant appealed to the circuit court. There, on a trial anew before a jury, a verdict was returned in favor of the plaintiff.　From the judgment entered upon the verdict, the defendant has duly prosecuted an appeal to this court.　The facts are stated in the opinion.

*J. H. Crawford,* for appellant.

If appellant in fact promised to pay appellee, it was a promise to pay, not his own debt, but the debt of another, and should have been in writing.　Appellee should have proceeded against the crop to enforce a laborer's lien under section 5011, Kirby's Digest.　When a verdict has been directed below for one party, this court will take that view of the evidence most favorable to the other party.　73 Ark. 561.　It is error to direct a verdict against a party where there is some evidence tending to prove his case.　84 Ark. 57.　It is error to direct a verdict on the evidence of a witness who is interested in the result of the suit. 82 Ark. 86.

*McMillan & McMillan,* for appellee.

The alleged error was a matter within the discretion of the court.　40 Ark. 116; 85 Ark. 202.　The crop, being a share crop, belonged to appellant.　54 Ark. 349; 48 Ark. 264; 37 Am. Dec. 309.　A party may maintain an action on a promise made to another for his benefit.　85 Ark. 60; 46 Ark. 132; 31 Ark. 155; *Id.* 411; 2 Whart. on Cont., § 785.

HART, J. (after stating the facts). Counsel for appellant assigns as error the action of the court in refusing to grant appellant a new trial because of the occurrence of an accident which he says ordinary prudence could not' have guarded against, and in support thereof filed his own affidavit and that of appellant.

The substance of the affidavits are that appellant had an agreement with his attorney a short time before the convening of the court, whereby his attorney agreed to notify appellant of the day his case was set for trial. That the court convened at Arkadelphia, in Clark County, Arkansas, and the case was set for trial on the 26th day of August, 1908. That, not later than the 19th day of August, 1908, appellant's attorney wrote him a letter notifying him of that fact. That the letter was placed in the post office duly addressed to apellant at Okolona in Clark County. That on the 22d day of August, 1908, and on the following Tuesday, appellant called at the post office at Okolona for the purpose of receiving a letter notifying him of the day of trial, and did not receive any communication from his said attorney.

The granting of a new trial on this account was a matter that addressed itself to the discretion of the trial court, and we can not say that the court erred in not granting it. The record shows that appellant's counsel was in attendance upon the court, and conducted the trial of the case for appellant. It does not show that he asked for a continuance on account of the absence of his client, but, on the other hand, it shows that when the case was reached upon the call of the calendar both parties by their respective attorneys announced ready for trial. If he desired his client's presence, either as a witness or to assist him otherwise in regard to the case, he should have stated that fact to the court, and asked for a postponement of the trial to a later day of the term, or asked a continuance on the grounds stated in his motion for a new trial.

2. The evidence adduced at the trial shows that a tenant on appellant's farm whose crop had become very grassy was told by appellant to employ some one to work it. That, pursuant to this direction, appellee was employed by the tenant to work the crop and performed services on that account to the amount of $12.50. Upon this evidence, the court directed a verdict for appellee. Was this error? In the case of *Hecht & Imboden* v.

*Caughron,* 46 Ark. 132, the facts, briefly stated, were as follows: The Allendale Trust Company was running a sawmill, and became indebted to Hecht & Imboden. To secure the amount already due and advances thereafter, an agreement was made between the parties by which the company transferred all its stock of saw logs and timber and certain accounts to the merchants, and agreed to carry on the sawmill business for the sole benefit of the merchants, until the indebtedness was paid. The merchants, on their part, agreed to furnish the mill with logs, and to pay the wages of the employees of the mill. Caughron was employed at the mill, and sued the merchants for his wages. The court held them liable, and in its opinion said:

"One of two constructions must be placed upon the contract. Hecht & Imboden either undertake to pay the wages and supply the demands of the business in consideration of the benefit to be derived by them from the company, or they constitute the company their agent with power to bind them for the payment of these demands. In either event they are liable."

We think this is conclusive of the instant case. Viewed in its most favorable light to appellant, the evidence shows that appellant was to receive as rent part of his tenant's crop. To that extent he was interested in the crop. The undisputed evidence shows that he constituted his tenant as his agent to hire appellee to perform the labor, and that the amount sued for is due and unpaid.

Finding no prejudicial error in the record, the judgment will be affirmed.