## DRAKE *v.* McDONALD.

### Opinion delivered April 5, 1926.

1. JUDGMENT—DISCRETION TO SET ASIDE DEFAULT.—Where a default judgment was entered on account of the absence of defendant, the granting of a new trial is within the sound discretion of the trial court.

2. JUDGMENT—DEFAULT JUDGMENT—DISCRETION AS TO SETTING ASIDE.—Refusal to set aside a default judgment will not be reversed where the defendant was fifteen minutes late in appearing in court and waited two days before asking to have the judgment set aside, and in his motion set up a different defense from that pleaded in his answer.

Appeal from Columbia Circuit Court; *L. S. Britt,* Judge; affirmed.

*Kitchens & Upton,* for appellant.

*Henry Stevens,* for appellee.

HUMPHREYS, J. On the 14th day of July, 1924, appellee instituted this suit in the circuit court of Columbia County against appellant to recover a balance of $907.75, including interest, upon an open account. On the 26th day of August following he filed an amendment to his complaint, to which was attached an itemized statement of the account beginning in the month of July, 1923, and extending through November of that year.

On the 28th day of August, 1924, appellant filed an answer denying each and every allegation in the complaint, and the cause was set down for trial on the 10th day of February, 1925. On the day set the cause was tried in the absence of appellant, and at 1:45 o'clock P. M. a judgment was rendered in favor of appellee against appellant in the sum of $932.50.

On the 12th day of February, 1925, appellant filed a verified motion for a new trial, setting up as grounds therefor that he resided 22 miles from Magnolia, the county seat, and left home in an automobile at 7 o'clock A. M. and would have been present at the trial had it not been for a breakdown of his car; that he arrived in the courtroom fifteen minutes after the judgment had been rendered against him; that he had a good defense against the claim of appellee to the extent of more than $500; that appellee failed to credit him with checks to the amount of more than $400, which he had paid on his account.

The motion was overruled by the court on the 19th day of February, 1925, before the term expired, over the objection of appellant, from which ruling an appeal has been duly prosecuted to this court.

It is insisted that the trial court committed reversible error in denying appellant a new trial. The granting of a new trial on account of the absence of a party to the suit is within the sound discretion of the trial court, and this court will not interfere on appeal unless the trial court abused its discretion. *Meadow v. Hudson,* 90 Ark. 294. In the instant case appellant failed to present any excuse for the absence of his attorneys or, if present, their failure to ask for a postponement of the cause to a later hour on the day the case was set or to some other day in the term, or why he waited two days thereafter to account for his absence and request a new trial. In addition to this, the alleged meritorious defense set up in his motion for a new trial was different from that contained in his answer to the complaint. In the original answer he denied purchasing the goods at all. In the

motion for a new trial he admitted the purchase of the goods and alleged part payment. Much latitude is allowed a trial judge in the exercise of his discretion. Applying this rule, we cannot say that the facts and circumstances of this case reveal any abuse of the trial court's discretion.

No error appearing, the judgment is affirmed.