THOMAS *v.* ARNOLD.

4-4376

Opinion delivered October 12, 1936.

W. T. Pate, Jr., for appellant.

Joe B. Norbury and Tom W. Campbell, for appellee.

McHANEY, J. Appellee sued appellant on a promissory note for $1,500, dated April 12, 1934, due one year after date with interest from date at 6 per cent. Appellant answered denying all the material allegations of the complaint, but without setting up any affirmative defense. The case was set for trial for October 30, 1935, at which time appellant made default. A jury was empaneled, evidence heard, and a verdict rendered for appellee on the instruction of the court so to do, upon which judgment was entered. Within apt time a motion for a new trial was filed in which it was alleged that the court was advised on the day of trial by counsel that appellant was ill and unable to attend court and that permission was granted counsel to have his client examined by a physician to ascertain his condition; that while he was absent getting an examination made, the case was heard and determined in his absence; that he secured a certificate from a physician to the effect appellant was too ill to attend court, which was filed with his motion for a new trial. On February 28, 1936, by permission of the court, appellant filed an amendment to his motion in which he alleged he had a meritorious defense to the action on the note in that the note was secured by appellee through the fraudulent representation that he was a lawyer and that appellant thought the note was given for legal services, when, in fact, appellee was not a lawyer and that he was only indebted to him for services in

securing evidence which was used in the trial of his case. Appellee responded denying all the grounds set up in both the motion and the amendment thereto. A hearing was had on the motion at which the physician making the affidavit above referred to and Mrs. Ben Young, keeper of the hotel where appellant was living, testified to his physical condition on the date of the trial, October 30, 1935. The physician made his examination about 1:00 p. m. on said date and thought at that time appellant was too ill to attend court. He was not appellant's regular physician and examined him on said date to determine his condition. According to Mrs. Young, appellant had not consulted a physician or been previously treated by one during his stay at her hotel.

The court overruled the motion for a new trial and the amendment and this appeal followed.

As stated by counsel for appellant: "The only question involved in this appeal is the proper exercise of the discretion of the court in the trial of this action." It is conceded that the granting of a new trial rests in the sound discretion of the trial court and that this court will not reverse on this account except for a manifest abuse of such discretion. But it is insisted that the court abused its discretion, calling for a reversal. We cannot agree. In *Drake* v. *McDonald,* 170 Ark. 919, 281 S. W. 674, it was held, quoting headnotes:

"Where a default judgment was entered on account of the absence of defendant, the granting of a new trial is within the sound discretion of the trial court.

"Refusal to set aside a default judgment will not be reversed where the defendant was fifteen minutes late in appearing in court and waited two days before asking to have the judgment set aside, and in his motion set up a different defense from that pleaded in his answer."

In the case at bar appellant did not appear. He made no effort in advance to make a showing for a continuance on account of illness, and when granted permission to make such showing it took several hours to do so, and in the meantime the case was heard and determined. The trial court has a wide discretion in controlling the orderly dispatch of business, and it was not required to

▬▬▬▬▬▬▬▬ ▬▬▬

suspend its business and await the convenience of appellant to make a proper showing for a continuance. No diligence was shown and the court did not abuse its discretion in this regard.

As to the meritorious defense sought to be set up some four months later, appellant is again concluded by the holding in *Drake* v. *McDonald, supra.* In his answer he denied executing and delivering the note. In the amendment, he admits giving the note, but claims fraud in its procurement. The statute, § 6293 of Crawford & Moses' Digest, provides: "A judgment shall not be vacated on motion or complaint until it is adjudged that there is a valid defense to the action in which the judgment is rendered * * *." His alleged defense set up in the amendment was not claimed for four months, was controverted by denial and no proof offered to sustain it. Moreover, appellee had testified on the trial of the case that the note was given him for services rendered in securing evidence for appellant in the trial of another case, and that he saw appellant sign same.

Let the judgment be affirmed.