## FORDYCE *v.* HARDIN.

Decided June 6, 1891.

1. *New trial—Filing motion after three days.*
   When the circuit court received and considered a motion for a new trial
   more than three days after the verdict was rendered, it will be presumed,
   from the silence of the record, that the delay was unavoidable.

2. *Evidence of value—Tax assessment.*
   Where, in an action to recover damages for killing stock, the plaintiff has
   testified that the animal was worth seventy-five dollars, it is error to re-
   fuse to permit the defendant to introduce in evidence to contradict him
   the assessment list of his property, recently signed and verified by him,
   in which he returned the animal for taxation as worth five dollars.

3. *Error—Remittitur.*
   Where, in such case, the defendant's evidence showed that the animal was
   worth twenty-five dollars, the error in rejecting the testimony offered will
   be cured by remitting the amount recovered in excess of that sum.

APPEAL from *Miller* Circuit Court.

C. E. MITCHEL, Judge.

Suit against S. W. Fordyce and A. H. Swanson, receivers of the St. Louis, Arkansas and Texas Railway Company. The complaint alleged that defendants' trainmen negligently ran a train over and killed a heifer belonging to plaintiff, valued at seventy-five dollars. The answer denied that the heifer was worth more than ten dollars.

Plaintiff testified that the heifer was worth seventy-five dollars. On cross-examination he testified that he "only owned two head of cattle, the one sued for being one of them ; that he had assessed them for taxation for the year 1889." The witness was then shown an assessment list, made under oath for the year 1889, made July 19, 1889, which he stated was the one made and verified by him of his personal property for taxation, and that the heifer sued for is one of the two cattle mentioned in said assessment list and valued as therein stated, viz., five dollars. The defendants then offered to read in evidence to the jury said assessment list, to show that the plaintiff has made

contradictory statements as to the value of said heifer, and also as evidence tending to show the value of the same. The plaintiff objected to its introduction, the court sustained the objection, and refused to permit the same to be read to the jury, and defendants excepted. The defendants introduced evidence showing that the heifer was worth only twenty-five dollars.

The jury returned a verdict in favor of plaintiff for fifty dollars, and the court rendered judgment for that amount on December 20, 1889. On December 30, 1889, a motion for a new trial was filed, " which motion," the record shows, " was submitted to the court and by the court overruled and denied; and to which ruling and judgment of the court in overruling and denying said motion, the defendants at the time excepted." Defendants have appealed.

*Montgomery & Moore* and *Sam H. West* for appellants.

1. The court erred in excluding the assessment list. 42 Ark., 527; Mansf. Dig., 5676, 5616, 2902; 1 Gr. Ev. (Redf. ed.), sec. 362; 46 Ark., 87; 137 U. S., 507; 52 *id.*, 303.

*W. H. Arnold* for appellee.

1. The motion for a new trial was not filed within three days. Mansf. Dig., sec. 5153; 49 Ark., 75.

2. It was not a reversible error to exclude the assessment list. It was offered for *two* purposes: to show the value of the heifer and to impeach plaintiff. It was objected to by plaintiff as inadmissible for these *two* purposes, and a *general* exception only saved. This general exception availed nothing unless it was admissible for the two purposes. Thompson on Tr., secs. 696, 3397, 2806; 89 Ind., 270; 39 Ark., 17; 50 Ark., 348. It was not admissible to prove value. 42 Ark., 527; 44 *id.*, 263.

HEMINGWAY, J. All matters relied upon for a reversal relate to the court's refusal to grant the motion for a new trial. But the appellant is met upon the threshold of the cause with the contention that, as his motion for a new trial was not filed within three days after the verdict was ren-

1. Presumption as to filing motion for new trial.

dered, and the delay does not appear from the record to have been unavoidable, the court was justified in overruling the motion, regardless of the matters presented by it.

The court permitted the motion to be filed, and considered it. As the record is silent as to the considerations that controlled the court in permitting the motion to be filed and remain of record, it must be presumed that they were legally sufficient to justify such action, and that it was made to appear that the delay was unavoidable. We do not think a different rule is announced in *Nichols* v. *Shearon,* 49 Ark., 75. There the motion was filed in apt time, and, upon an understanding between the parties had in court, it was withdrawn; afterwards, and more than three days after the verdict had been rendered, the same motion was refiled. The court said it might have been properly overruled because of the delay in filing it; but it was apparent that the delay was not unavoidable from the fact that it had been originally filed in apt time. So we think the points raised by the motion are presented for our consideration.

We think the evidence legally sufficient to sustain the verdict, and our inquiry in that matter goes no further.

2. Tax assessment as evidence of value. The only exception that it seems necessary for us to consider relates to the court's action in excluding from the evidence the appellee's assessment list, recently signed and verified by him, in which he returned for taxation "two head of neat cattle" of the aggregate value of ten dollars. As the appellee had testified that the heifer killed was one of the neat cattle assessed, and had fixed in his testimony a much higher value upon her than that fixed in the assessment list upon both animals, and as the value of the heifer was a fact controverted upon the trial, we think the list was proper evidence to contradict the appellee, and that the court erred in excluding it. *Texas R. Co.* v. *Donnelly,* 46 Ark., 87; *Chicago R. Co.* v. *Artery,* 137 U. S., 507.

3. *Remittitur.* But the defendant's evidence showed that the animal was worth twenty-five dollars, and upon it a verdict for that amount should have been rendered if the appellee's testi-

mony had been entirely discredited. A *remittitur* of the amount recovered in excess of twenty-five dollars will therefore cure the error indicated; and for that sum the judgment will be affirmed if the appellee elects to remit the excess. Otherwise the judgment will be reversed, and the cause remanded.