## MARSHALL BANK *v.* TURNEY.

### Opinion delivered October 21, 1912.

1. GIFT—NECESSITY OF DELIVERY.—In the case of a gift either *inter vivos* or *causa mortis*, delivery of the thing given is essential to a completed gift. (Page 118.)

2. SAME—SUFFICIENCY OF DELIVERY.—Where a father delivered two notes to his son to be collected and to place the proceeds in the bank to the father's credit, there was not such a delivery to the son as would con-constitute a gift. (Page 118.)

3. APPEAL AND ERROR—FILING MOTION FOR NEW TRIAL OUT OF TIME—PRE-SUMPTION.—Where a motion for new trial was filed out of time, it will be presumed, in the absence of a contrary showing, that the court granted permission that the motion should be so filed. (Page 119.)

4. SAME—DETERMINATION—DISMISSAL.—Where the judgment is reversed in a cause that is fully developed, it will not be remanded for a new trial, but may be dismissed on appeal. (Page 119.)

Appeal from Searcy Circuit Court; *George W. Reed,* Judge; reversed.

*S. W. Woods,* for appellant.

1. Giving the testimony its strongest probative force in favor of appellee, it fails to establish a gift. Thornton on Gifts and Advancements, 105-8; 44 L. R. A. 208; 18 L. R. A. 170; 23 L. R. A. 184; 1 Ark. 83; 79 Ark. 69; 72 Ark. 307; 43 Ark. 307; 59 Ark. 191; 60 Ark. 169; 20 Cyc. 1209, 1211 *Id.* 124, 125; 8 Am. & Eng. Enc. of L. (1 ed.) 1314; 122 N. E. 747.

2.  It was error to permit appellee to testify to alleged conversations and transactions with the deceased, over the objections of appellants.  Kirby's Dig., § 3093; 79 Ark. 69; 52 Ark. 550; 46 Ark. 306.

*Appellee, pro se.*

1.  . The appeal should be dismissed because the motion for new trial was not filed within the time required by law. Kirby's Digest, § 6218.  A mere statement by an attorney that he was "unavoidably prevented" from filing the motion for new trial within three days is not sufficient.

2.  The evidence sustains the verdict.

McCULLOCH, C. J.  The plaintiff, John G. Turney, instituted this action to recover a sum of money deposited with the Marshall Bank of Leslie, Arkansas, in the name of his father, Dr: George Turney, during the latter's lifetime.

The undisputed facts are that Doctor Turney held two notes, executed to him by one Pate, for balance of purchase price of a tract of land, and he turned the notes over to the plaintiff with instructions to collect the same and deposit the money in the bank.  Plaintiff collected the sum of $561 at different times during his father's lifetime, and deposited it with instructions to the cashier of the bank to place it to the credit of his father's account.  During his father's lifetime he drew out a portion of it on checks to which he signed the former's name, thereby reducing the amount to $513.60, which was in the bank at the time of his father's death.  Subsequent to that event he drew out further amounts for the purpose of paying debts of the estate, thus reducing the amount in the bank to the sum of $361.74.  The bank paid those checks under an agreement with plaintiff that he would .return the same to the bank if the payments were found to be unauthorized.  Thereafter John Allen was appointed administrator of the estate of Doctor Turney, and the balance then in the bank to the credit of Doctor Turney was paid over to the administrator.  This suit is against the bank, and against Allen as administrator, and Sarah Turney, the widow of Dr. George Turney.

In the trial below the plaintiff recovered a judgment against all of the defendants for said amount, which was paid over to the administrator, and the defendants appealed to this court.

There are numerous assignments of error as to rulings of the court in admitting evidence and in giving and refusing instructions, but we pass them all over without discussion except the one assignment that the verdict is not supported by the evidence, as the conclusion we reach upon that assignment is finally decisive of the case. We are of the opinion that, according to the undisputed evidence, the money in bank was not the property of the plaintiff, and that he was not entitled to recover the same, It is unnecessary to determine whether the alleged gift of the money by Doctor Turney to the plaintiff, if consummated by delivery, constituted a gift *inter vivos* or a gift in view of death, *"donatio causa mortis,"* as expressed in the Latin phrase. In either kind of gift delivery of the thing is absolutely essential to the completed gift. *Ammon* v. *Martin,* 59 Ark. 191; *Hatcher* v. *Buford,* 60 Ark. 169. The plaintiff's own testimony shows that his father never intended to deliver the notes to him otherwise than for collection, nor that he intended to hold the money thus collected otherwise than as agent for the purpose of depositing it in the bank. We quote his own statement of the facts concerning the placing of the money in his hands: "He says, 'You take this money and protect me, and when I am gone I will expect you to pay all my debts, pay everything,' and I said, 'Father, I will place this money in the bank and in your name,' and he objected to that and said, 'Why?' and I said, 'I might die before you, and if I should my own administrator might come in and get the money and turn you outside,' and he said, 'I guess you are right.' "

The money was placed in the bank in the name of Doctor Turney, according to the understanding expressed above. This positively and absolutely excludes any idea of a delivery to the plaintiff, for it was not in his possession at all, either actual or constructive, after it was deposited in the bank. The other witnesses introduced by the plaintiff corroborate his statement, and the testimony of each of them goes to show that Doctor Turney turned the money over to his son to place in the bank and to attend to it for him, and not for the purpose of parting with his possession and losing dominion and control over it. This being true, plaintiff is not entitled to recover the money, and the judgment in his favor can not be sustained.

It is argued here by plaintiff that the judgment should be affirmed for the reason that the motion for new trial was not filed within the time prescribed by the statute. The record shows that the motion for new trial was filed by express permission of the court; but, even if this were not so, the presumption would be indulged, in the absence of a showing in the record to the contrary, that the court granted special permission for the motion for new trial to be filed out of time. *Fordyce* v. *Hardin*, 54 Ark. 554.

The judgment is reversed, and, as the case is fully developed, it need not be remanded for a new trial, but will be dismissed here.

It is so ordered.