FITZHUGH v. NORWOOD.

Opinion delivered May 15, 1922.

1. TENANCY IN COMMON—LIABILITY FOR TREBLE DAMAGES.—Crawford & Moses' Dig., § 10320, providing for treble damages against any person cutting timber on the land of another person, has no application where a tenant in common in possession cuts timber on the land without the consent of his cotenants.

2. TENANCY IN COMMON—DAMAGES FOR WRONGFUL CUTTING OF TIMBER.—Where a tenant in common wrongfully commits waste by

cutting the timber on the land without the consent of his co
tenants, they may recover the actual damages, or, where the
removed timber is converted into finished product and sold, they
may recover the value of the finished product, less the cost of
manufacture.

3.  APPEAL AND ERROR—PRESUMPTION WHERE MOTION FOR NEW TRIAL
    FILED OUT OF TIME.—Where a motion for new trial, filed after
    three days but during term, was considered by the court and
    overruled, it will be presumed that the motion was filed after
    time by permission of the court, as provided by Crawford &
    Moses' Dig., § 1314.

Appeal from Hot Spring Circuit Court; *W. H. Evans,* Judge; reversed.

*D. D. Glover,* for appellant.

Sec. 10320, C. & M. Digest, providing for treble damages, has application only to a wilful trespass by one who has no interest in the lands. 132 Ark. 473; 116 Ark. 206. Appellant was the owner of a 6/8 interest in the land here, and therefore he could not a wilful trespasser, and is only liable for the actual damage to the other owners.

*D. B. Sain, D. Ben Sain,* for appellee.

The award of treble damages was justified.

There is no proper order of the court showing an extension of time to appellant in which to file a motion for new trial.

*D. D. Glover,* for appellant, in reply.

Where the court received and considered a motion for new trial filed more than three days after verdict was rendered, it will be presumed from the silence of the record that the delay was unavoidable. 54 Ark. 554.

McCULLOCH, C. J. This is an action instituted by appellees against appellant to recover treble damages for the cutting of timber on a certain tract of land in Hot Spring County, owned by all of the parties to the suit as tenants in common, appellees being the owners of an undivided one-eighth interest, and appellants being the owner of an undivided three-fourths interest. Appellant

was in possession of the land and cut the timber without obtaining the consent of the other owners.

Appellant testified that he cut the timber for the purpose of clearing the land for cultivation, and it was undisputed that the stumpage value of the timber cut and removed was six hundred dollars, the interest of appellees being seventy-five dollars.

The court instructed the jury, over the objections of appellant, that if the jury found that appellant "knew that the plaintiff owned an interest therein," then the verdict should be for the plaintiff for treble damages. The jury returned a verdict in favor of appellees, assessing damages in the sum of two hundred twenty-three dollars, which was three times the value of the timber cut and removed by appellant.

The court based its instruction allowing the recovery of treble damages on the following statute:

"If any person shall cut down, injure, destroy or carry away any tree placed or growing for use or shade, or any timber, rails, or wood, standing, being or growing on the land of another person, or shall dig up, quarry or carry away any stone, ground, clay, turf, mold, fruit or plants, or shall cut down or carry away any grass, grain, corn, cotton, tobacco, hemp or flax, in which he has no interest or right, standing or being on any land not his own, or shall wilfully break the glass, or any part of it, in any building not his own, every person so trespassing shall pay the party injured treble the value of the thing so damaged, broken, destroyed or carried away, with costs." Crawford & Moses' Digest, § 10320.

We are of the opinion that the statute quoted above has no application to a case where timber is cut by the owner of an interest in the land. The statute authorizes the recovery of damages for trespass committed by a stranger. On land owned by several persons as tenants in common, neither of the owners is a trespasser. There is, of course, a remedy in the law for any wrongful act committed by either of the tenants against the rights and in-

terests of others. Where one of the owners wrongfully commits waste by cutting the timber, or otherwise, the other owners have a remedy for recovery of the actual damages; or where the removed timber is converted into finished product and sold, there may be a recovery for the value of such finished product, less the cost of manufacture.

In the present instance it is not contended that the net value of the commodities manufactured from the timber amounted to more than the stumpage, and, as before stated, it is undisputed that the stumpage was four dollars per acre, or seventy-five dollars for the interest of appellees. It is also conceded that appellant is entitled to a credit of two dollars as against appellees, and this credit was allowed in the verdict of the jury. According to the undisputed evidence, therefore, appellees were entitled to a judgment against appellant for the sum of seventy-three dollars, and no more.

Counsel for appellees contend that the motion for a new trial was not filed in time, and for that reason the assignments of error are not available on this appeal.

It appears from the record that this cause was tried and the judgment rendered on July 22, 1921, and that four days later a motion for a new trial was filed; that the court took the motion under advisement until an adjourned day of the same term, and that on November 4, 1921, the motion was overruled and an appeal was granted. The contention of appellees is that the motion was filed out of time and should therefore not be considered.

The statute (Crawford & Moses' Digest, § 1314) provides that applications for a new trial must be made within three days after the verdict, unless the court, for cause shown, permits the motion to be filed on a later day of the term.

Where a motion filed out of time is considered by the court and overruled, this court will indulge the presumption that the motion was filed with the permission of the court. *Fordyce* v. *Hardin,* 54 Ark. 554.

The court had the power to consider a motion at any time during the term, and the record shows that the court heard the motion at the same term and overruled it.

The judgment is therefore reversed, and judgment will be entered here in favor of appellees for the sum of seventy-three dollars and costs of the trial below.