KARNES *v.* GENTRY.

4-7046                                          172 S. W. 2d 424

Opinion delivered June 28, 1943.

*H. G. Leathers,* for appellant.

*J. E. Simpson,* for appellee.

HOLT, J.    November 1, 1932, appellant, A. R. Karnes, borrowed $1,100 from the First State Bank of Eureka Springs, Arkansas, gave his note therefor and executed a chattel mortgage on 56 cattle, 3 horses, 12 hogs and 30 sheep, as security. Thereafter the bank became insolvent, was taken over by the State Bank Commissioner, and on March 3, 1933, E. C. Pickens was placed in charge as liquidating agent.

The following payments were credited on the note: "12-2-32, $25; 2-6-33, $88.62; 8-18-34, $375.25; 12-2-33, $7.33."

Appellee, Raymond Gentry, became the owner of the note January 19, 1938, and May 19, 1938, filed suit for an alleged balance due on the note in the amount of $988.01, and sought to foreclose the chattel mortgage lien. Appellant, Karnes, defended on the ground that the note in question had been settled and paid in full by payment on August 18, 1934, of $375.25 to E. C. Pickens, liquidating agent in charge of the bank.

Upon a trial, the court found the issues in favor of appellee, Gentry, and entered a decree for $1,072 and ordered foreclosure of the chattel mortgage.

The commissioner, Dott Huffman, appointed to make the sale, was unable to comply with the court's order for the reason that none of the livestock could be found. Following her report of these facts to the court, on December 2, 1940, an execution was issued upon the decree, and the sheriff levied upon certain real property of Karnes, subject to a mortgage in favor of the Federal Land Bank of St. Louis, in the sum of $2,250.

On December 26, 1940, D. L. Stidham filed complaint against the sheriff of Carroll county and appellee, Gentry, in which he claimed ownership of the land levied upon, *supra,* and secured a temporary order restraining the sheriff and appellee from selling the real property under the execution. Upon a final hearing of the Stidham suit, the court found that the land in question belonged to appellant, Karnes, but that Stidham should have a lien against the land for $325, which he had advanced to Karnes to pay certain taxes due on the land, dissolved the restraining order and ordered the land sold under the execution, subject to the liens of the Land Bank and Stidham. Immediately following this decree, appellant, Karnes, filed complaint seeking to cancel and set aside the decree in the original foreclosure suit, and upon a hearing the court entered an order staying the sale under the execution aforesaid until final determination of the cause.

Appellant, on April 14, 1942, filed "motion to set aside decree" and thereafter, on April 27, 1942, filed complaint, and in these pleadings he alleged, in substance, the defense which he had set up in his answer to the original foreclosure suit, that he had settled and paid the note in question on August 18, 1934, by the payment of $375.25, and that the judgment (quoting from appellant's brief) "had been fraudulently obtained by the wrongful testimony of the clerk, Mrs. Dott Huffman, and Mr. Pickens." A general denial was interposed by appellee, and on June 9, 1942, the cause was finally submitted to the court "upon the complaint of the plaintiff, the answer of the defendant and the proof of service in this cause, the complaint and answer in the original suit filed herein—*Roy Gentry* v. *A. R. Karnes*—the complaint and answer in the cause of *D. L. Stidham* v. *Sheriff, et al.,* and the oral and documentary evidence."

In the decree the court details the various steps in the litigation from its inception, and, among other things, found that the decree in the original foreclosure suit of January 16, 1939, was valid "for the sum of $1,072, all costs thereof and interest thereon from date thereof until paid, and that the same is in full force and effect, . . . ; that said judgment and the execution issued thereon on December 2, 1940, and levied by the sheriff of Carroll county, Arkansas, upon the land as aforesaid is a valid lien upon said land, subject only to the remainder due on the Federal Land Bank mortgage and the amount declared by the court to be due D. L. Stidham. . . ."

Appellant's complaint was dismissed for want of equity, and the court directed "the lien created by the judgment and levy of the execution aforesaid should be foreclosed and the land described therein should be sold for the satisfaction of said judgment, interest and cost due the said Raymond Gentry" in the original foreclosure suit aforesaid, subject, however, to the lien of the Federal Land Bank and D. L. Stidham. From the decree comes this appeal.

Appellant, throughout the various steps of this litigation, has defended on the ground that he did not owe

the note sued on; that he paid it in full on August 18, 1934, by the payment of $375.25 to E. C. Pickens, the liquidating agent for the bank, and insists here that the court erred in holding to the contrary. He also argues that after the judgment had been obtained against him it should have been set aside for the reason that "it had been fraudulently obtained by the wrongful testimony of the clerk, Mrs. Dott Huffman, and Mr. Pickens"; that he did not discover the evidence of this alleged fraud until after the judgment had been rendered, and that on this account he is entitled to a new trial.

This cause comes here for trial *de novo*.

The primary question presented is one of fact, and under our long-established rule, unless we can say that the findings of the trial court are against the preponderance of the testimony, it becomes our duty to affirm.

This cause appears to have been before the lower court on four different occasions. Much testimony was presented and opportunity afforded the parties for a full development of the case.

Appellant admits that the bank advanced him $1,100 on November 1, 1932, and that he executed the note and mortgage in question. He concedes that the various payments entered on the note are correct.

E. C. Pickens, the liquidating agent, testified that he agreed with appellant, Karnes, that he might borrow money on cattle covered by the mortgage and apply the proceeds as a credit on the note in question; that Karnes borrowed $375.25, which he paid on the note, and credit was entered on the note for this amount, and that later he, Pickens, satisfied the mortgage record as to the cattle with the following entry in his own handwriting: "Satisfied in full except sheep, lambs and horses, this 4th day of September, 1934. First State Bank by E. C. Pickens, Rec. Attest: Atha Shibley by Dott Huffman." Dott Huffman, the attesting witness, testified that she was present when the entry was made.

Pickens further testified that he never at any time agreed with Karnes that the $375.25 payment, *supra*, settled the debt. Dott Huffman testified that some time

after the above marginal entry was made, she, by mistake, mailed the chattel mortgage in question to Mr. Karnes. This was without the knowledge or consent of Pickens. The note in question, upon which it is conceded the $375.25 payment was made, with the notation "8-18-34 paid $375.25, balance $611.13," was never turned over to Karnes.

Appellant testified that it was agreed between Pickens and himself that the $375.25 payment settled the debt and was in full payment of the note; that the marginal entry made by Pickens on the mortgage record did not contain the words, "except sheep, lambs and horses" at the time it was made September 4, 1934; that these words were in different colored ink from the remainder of the writing, and must have been made at a later date. There is the positive testimony, however, of Pickens and Dott Huffman, the attesting witness, that the writing was all done at the same time, and Dott Huffman explained the different colors in the ink used— "I think there were two different bottles and the ink was low and the pen happened to be dipped in the other bottle."

Karnes testified that he procured the $375.25 loan in question from the Northwest Arkansas Production Credit Association. There is (quoting from appellant's brief) "evidence that the Farm Credit Administration had requested, and received, from the clerk abstract of chattel liens on the property of A. R. Karnes in evidence by the introduction of abstracts dated September 29, 1934, and September 19, 1935. The first one showing no liens and second one showing liens only to the Northwest Arkansas Production Credit Association. These abstracts were signed by Dott Huffman, deputy clerk and recorder. On November 27, 1935, Mrs. Huffman certifies liens against the property of A. R. Karnes except in favor of Northwest Arkansas Credit Association."

Karnes further testified that the credit association would not have made the loan to him had it known that the cattle mortgaged to the bank had not been released.

It will be observed, however, that the credit association made the $375.25 loan to Karnes some time prior

to August 18, 1934. The record reflects that the payment was entered on the note on August 18, 1934. The answer to the first of the above inquiries from the credit association to the clerk was received by it September 29, 1934, and the second one nearly a year later, September 19, 1935. It is evident, therefore, that the loan was not made on the strength of the reports made to the association by the clerk. While the clerk appears to have been mistaken in the reports made to the association, this could not amount to such fraud as would warrant setting aside the judgment, under our statute, § 8246, Pope's Digest. The burden was on appellant to establish the alleged fraud, and he has failed to sustain this burden. *Weller* v. *Studebaker Bros. Mfg. Co.*, 93 Ark. 462, 125 S. W. 129. Appellant's contention that these statements of the clerk to the credit association amounted to such newly-discovered evidence as would entitle him to a new trial cannot be sustained for the reason that the granting of a new trial, in such circumstances, is always addressed to the sound discretion of the trial court, and unless there appears to have been an abuse of discretion we would not disturb the action of the court here. *Thomas* v. *Arnold*, 192 Ark. 1127, 96 S. W. 2d 1108. We find nothing in this record that indicates that the court abused its discretion.

After a careful review of the record presented, we are clearly of the opinion that the great preponderance of the evidence supports the chancellor's finding, and that the decree must be affirmed. It is so ordered.