Zeachel Thomas HENDERSON *v.*
William A. SKERCZAK

5-5010                                    446 S. W. 2d 243

Opinion delivered October 27, 1969

*Shaw, Jones & Shaw,* for appellant.

*Murphy & Carlisle,* for appellee.

Lyle Brown, Justice. Skerczak sued Henderson for personal injuries arising out of a vehicular collision. The jury found in Henderson's favor. Twenty-four days after the jury returned its verdict, Skerczak filed a motion for new trial which was granted. Henderson appeals from that order, contending (1) the motion was filed out of time, and (2) there was no showing justifying a finding of unavoidable delay in filing the motion.

With respect to the issue over the timely filing of the motion, Skerczak contends it was actually filed in time. Skerczak interprets the statute to mean fifteen days after *judgment*. The jury verdict was returned on November 26; a signed judgment was entered on December 11; and the motion for new trial was filed on December 18. (These dates are all in the same court term.) So if the time starts running from the date of judgment, rather than the date of the jury verdict, Skerczak is correct. The applicable statute is Ark. Stat. Ann. § 27-1904 (Repl. 1962). The portion here pertinent provides that an application for a new trial (excepting one based on newly discovered evidence) shall be made within fifteen days "after the verdict or decision was rendered, unless unavoidably delayed; . . ."

We cannot read "judgment" into the quoted statute. The drafters of our Civil Code had a number of occasions to use the words "verdict" and "judgment." They are not used interchangeably. For example, in one instance we find the phrase, "judgment must be entered by the clerk in conformity with the verdict." Ark. Stat. Ann. § 29-109 (Repl. 1962). Then in § 29-111 it is stated that "judgment shall be so entered by the court, though a verdict has been found against such party." The distinct difference between the two words is almost universally recognized in jurisprudence. *City of Aurora* v. *Powell*, 383 P. 2d 798 (Colo. 1963) ; *Schofield* v. *Baker*, 242 F. 657 (1917). It was aptly said in the *Powell* case:

> The jury made these findings of fact. Such findings do not constitute a judgment. The verdict is not a judicial determination, but rather a finding of fact which the trial court may accept or reject and utilize in formulating a judgment. To constitute a judgment, there must be a judicial act.

We also think it is of some significance that the two words are treated in our Criminal Code as being distinct. We refer to the section governing the applica-

tion for a new trial, Ark. Stat. Ann. § 43-2202 (Repl. 1964). There it is said, among other things, that the application must be made "at the same term at which the verdict is rendered, unless the judgment is postponed to another term . . . ."

This brings us to the second point on appeal. Appellant contends there was no substantial evidence of unavoidable delay as found by the trial court. Counsel for Skerczak moved to strike the motion for a new trial and the court conducted a hearing. The reporter testified and counsel for Skerczak made a statement. That evidence showed that counsel for Skerczak ordered Henderson's testimony transcribed. The order was placed "within a week or ten days" after the trial on November 26. Counsel desired to attach a copy of Henderson's testimony to the motion for new trial to support his point that Henderson's testimony itself was sufficient to establish a jury question on negligence. The transcribed testimony was delivered on December 8, the twelfth day after the trial. A few days thereafter Skerczak's counsel delivered the transcript to the clerk and it was there discovered that the reporter had not signed the certificate. On that same date the reporter's signature was obtained. Some four days thereafter, on December 18, the motion for new trial was filed. Skerczak's counsel stated that he was out of town during the four-day interval because of the serious illness of his mother.

The untimely filing of the motion could easily have been avoided. In the face of the fifteen-day statute, counsel waited a week or ten days before ordering the testimony transcribed. The transcription was actually delivered before the fifteen days expired. The certificate of the reporter was a formality which could have been cured at any time before the hearing on the motion. Actually, it was not necessary to delay the filing so that Henderson's testimony could be attached to the motion; that evidence could have been filed at any time before the hearing on the motion. It is not even contended that

a transcription of Henderson's testimony was necessary in order to apprise counsel of its contents, which might have been the case had there been a change in attorneys.

We are not unmindful of the general rule that a trial court may during the same term set aside a judgment without stating any cause. An exception to that rule is recognized in cases of jury verdicts or judgments based thereon; in those situations they cannot be set aside in the absence of the timely filing of the proper motion unless a late filing is caused by unavoidable delay. *Big Rock Stone & Material Co.* v. *Hoffman,* 233 Ark. 342, 344 S. W. 2d 585 (1961); *Ellsworth Brothers Truck Lines* v. *Mayes,* 246 Ark. 441, 438 S. W. 2d 724 (1969).

Reversed.