## V. G. PEEK *v.* HOYT MEADORS

73-109                                    500 S.W. 2d 333

Opinion delivered October 22, 1973

*Harold C. Rains Jr.,* for appellant.

*Batchelor & Batchelor,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellee has raised a question about the timeliness of the notice of appeal in this case, which we must first consider because it goes to the jurisdiction of this court. *Davis* v. *Ralston Purina Company,* 248 Ark. 14, 449 S.W.2d 709. The jury verdict was rendered on November 29, 1972. Judgment was filed on December 13, 1972. Thereafter, on December 15, 1972, appellant filed a motion for new trial. A response thereto was filed by appellee on December 21, 1972. The motion was taken under advisement by the circuit judge on January 10, 1973, and denied on February 6, 1973. Notice of appeal was filed on February 7, 1973.

Notice of appeal must be filed within 30 days from the date of the judgment. Ark. Stat. Ann. § 27-2106.1 (Repl. 1962). This time may be extended, however, by the timely filing and disposition of a motion for new trial. Ark. Stat. Ann. §§ 27-2106.3 and 2106.4 (Supp. 1971). Motion for new trial must be filed within 15 days after the verdict, unless that time expires after adjournment or expiration of the term, in which event, it must be presented to the trial judge within 30 days after the verdict was rendered. Ark. Stat. Ann. § 27-1904 (Repl. 1962). It is clear that the time runs from the date of the verdict and not the date of the judgment. *Henderson* v. *Skerczak,* 247 Ark. 446, 446 S.W.2d 243.

It can be readily seen that the motion was filed more than 15 days after the verdict and was not presented to the circuit judge until more than 30 days had elapsed. The term of court continued without adjournment until the first Monday in March, 1973. Ark.

Stat. Ann. §§ 22-310, 312 (Repl. 1962). Consequently, presentation of the motion was not required within 30 days after the verdict was returned, if the motion was timely filed. This was not the case unless the taking of the motion under advisement had the effect of extending the time for filing of the motion. We have held that the circuit judge has the authority to extend the time for filing of such a motion. *Peterson* v. *Brown,* 216 Ark. 709, 227 S.W.2d 142; *Metropolitan Life Ins. Co.* v. *Thompson,* 203 Ark. 1103, 160 S.W.2d 852. If the circuit judge considers a tardily filed motion for new trial, we presume, in the absence of a showing to the contrary, that it was filed with permission of the court, and that the considerations for permitting the late filing were legally sufficient, at least when the motion is filed and considered and acted upon within the term of court during which the verdict was rendered. *Hill* v. *Wilson,* 216 Ark. 179, 224 S.W.2d 797; *Marshall Bank* v. *Turney,* 105 Ark. 116, 150 S.W. 693; *Fitzhugh* v. *Norwood,* 153 Ark. 412, 241 S.W. 8; *Fordyce* v. *Hardin,* 54 Ark. 554, 16 S.W. 576. Here the verdict was rendered and the motion filed, considered and overruled during the same term of court. Not only is there a failure to show that the court did not permit the late filing or that there were no legally sufficient grounds for doing so, but appellee filed a response to the motion without any mention of its late filing.

Since we must presume that the motion was timely filed, insofar as the requirements of Ark. Stat. Ann. § 27-1904 are concerned, the provisions of Ark. Stat. Ann. §§ 27-2106.3, 2106.4 and 2106.5 (Supp. 1971) come into play. The motion was filed within two days after the entry of the judgment, so the requirements of Ark. Stat. Ann. § 27-2106.3 were met. The circuit judge took the motion under advisement within 30 days after it was filed, so the requirements of § 27-2106.4 were met. The notice of appeal was filed one day after the motion was denied, so the requirements of § 27-2106.5 were met. Since the notice of appeal was given within the time allowed, we consider the appeal on its merits.

We reverse this judgment in favor of a real estate purchaser and against the seller's real estate agent for

want of substantial evidence, bypassing other points asserted by appellant, because appellee has correctly pointed out that the pleadings, motion to dismiss, motion for a directed verdict and other pleadings and orders are not sufficiently abstracted. Viewing the evidence (which does appear to have been adequately abstracted) in the light most favorable to the judgment, the facts are as follows:

Peek is a licensed real estate broker. He had a listing from Douglas E. and Marjorie K. McGriff of Hartford, Iowa, for the sale of a tract of land near Mountainburg on which a motel, service station, cafe and other buildings were located. Hoyt Meadors, then a resident of California, observed, while visiting in the community, that the property, of which he had known for many years, was for sale. After his return to California, he authorized his cousin O. D. Meadors to enter into negotiations on his behalf to purchase the property. O. D. Meadors went to view the property with Peek and asked about various items., When they came to a locked garage building on the premises, both looked through cracks in the door and saw various tools. O. D. Meadors then asked Peek if the items he observed were included in the sale and Peek replied that they were, and that everything on the place went. Peek said that for some reason he did not understand he had the keys to all the buildings except this one, but that he would break the lock on it if necessary. O. D. Meadors replied that it was not, and later signed an "offer and acceptance" on a printed form on which the description of the property was filled in as "LAKE-ENTRANCE-CAFE-MOTEL WITH-ALL-EQUIPMENT - IN-BLDGS." On the next day the McGriffs signed an acceptance of this offer. Before the final closing, Hoyt Meadors revealed to Peek that he was the actual purchaser of the property and asked that he be permitted to personally view the property before the sale was completed. Peek and Hoyt Meadors went to the property and inspected it. Upon coming to the locked garage building, Hoyt Meadors asked particularly if they could enter it and see what was in it. Peek did not have a key, so he got

a sledge hammer from his automobile parked nearby, and Hoyt Meadors obtained a claw hammer. Hoyt Meadors broke the lock off the door at the direction of Peek, entered the building and observed a 10-inch table saw, a cement finisher, various hand tools, three gallons of paint and a square of rubber roofing. Hoyt Meadors specifically asked Peek if these items were included in the sale. Peek replied that they were, saying that he did not know where they came from or why they were there, "but they all go, everything you see goes with the deal." Peek never specifically asked. the McGriffs whether these items, shown to have a value of about $600, were a part of the property being offered for sale. After the sale was closed, these items were reclaimed by Don Valliquette, who had stored them in the building with approval of McGriff. There is no evidence that Peek had any actual knowledge about the real ownership of the items about which the controversy arose. At the closing of the sale, which took place the day following the visit of the premises by Hoyt Meadors and Peek, no mention was made of the questioned items. Meadors did not ask McGriff about them because he relied on Peek's representations.

Peek testified, over appellee's objection, that he was authorized to sell all the equipment in all the buildings. Although this testimony of appellant could not be taken as uncontradicted, it is corroborated by the inescapable inference that he was so authorized, arising from the written acceptance of the Meadors offer by the sellers, with the express description of the property including "all equipment in buildings."

The principal, and not the agent, is liable upon the contract, where the agent is duly constituted, names his principal, contracts in the principal's name and does not exceed his authority. *Brown* v. *Maryland Casualty Company*, 246 Ark. 1074, 442 S.W.2d 187. As a basis for liability of the agent, appellee relies upon the doctrine of constructive fraud set out in *Lane* v. *Rachel*, 239 Ark. 400, 389 S.W.2d 621, wherein we held, as we have in other cases, that one, not knowing the truth,

who makes a representation which is false, may be liable to one to whom he owes a legal or equitable duty, even though there is a complete absence of any moral wrong or evil intention. The misrepresentation generally involves a mere mistake of fact. *Kersh Lake Drainage District* v. *Johnson,* 203 Ark. 315, 157 S.W.2d 39. Although an agent might well be liable to a third person for legal or constructive fraud, we do not think that the evidence in this case supports such a liability. In *Brooks* v. *Smith,* 215 Ark. 421, 22 S.W.2d 801, we held that an agent was not liable to a third party where his representation to the buyer was only a repetition, in good faith, of a statement authorized by his principal. There is no evidence from which a lack of good faith or the existence of a deceitful intent on Peek's part could be inferred. As we have pointed out, the evidence shows that Peek's authority was to sell all equipment in the buildings on the premises, and he was relying upon that authority in making the statements relied upon by the purchaser. Under these circumstances, the rule stated in *Brown* v. *Maryland Casualty Company,* supra, applies, and the judgment lacks substantial evidentiary support.

Accordingly, the judgment is reversed and the cause remanded.