Tommy KARAM and KAR-MAL, Inc.
*v.* Clyde O. HALK

75-270                                         537 S.W. 2d 797

Opinion delivered June 28, 1976

*Howell, Price, Howell & Barron,* for appellants.

*Wood, Smith & Schnipper,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellee Clyde O. Halk brought suit against appellants for breach of an agreement relating to the operation of a store and for damages to fixtures and equipment. The case was tried to the circuit judge, without a jury, on September 4 and September 11, 1974. On December 6, 1974, the court sent a memorandum letter to the

attorneys for all parties making his findings and fixing the damages to be recovered by appellee. On January 2, 1975, judgment based on the court's memorandum letter was entered. When writs of execution and garnishment were issued on this judgment on August 11, 1975, appellants promptly filed a motion to vacate the judgment and a petition for stay of execution. This motion was denied by order entered September 5, 1975. On September 12, 1975, appellants filed notice of appeal from that order and from the judgment entered on January 2, 1975.

The principal ground for reversal is alleged abuse of discretion by the trial court in not setting aside the judgment. In their motion appellants asserted that, even though the circuit judge, in his letter, instructed the attorneys for appellee to furnish a precedent for judgment, appellants received no communication from the attorneys for appellee or from the court indicating that the precedent had been submitted to the court, that such a precedent had been approved or the date upon which the judgment was entered. Appellants alleged that the first notice they had that judgment had been entered was the issuance of writs of execution and that, by reason of the failure of appellee's attorneys to submit a copy of the precedent to appellants' attorneys or to serve a copy of the judgment on them, they were precluded from exercising their right to appeal. Appellants also alleged in their petition for stay of execution that appellee had made no effort to contact appellants to collect the judgment prior to the issuance of execution.

There was a stipulation by the parties that there was no indication in any of the records of appellants' firm of attorneys or in the memory of any of them of the receipt of a copy of the judgment entered on January 2, 1975, but that said attorneys had received the memorandum letter dated December 6, 1974. The trial court's order denying appellants' motions included findings that the memorandum letter was sufficient notice to the parties that judgment would be entered in accordance therewith, that more than one term of court had elapsed between the entry of the judgment and the filing of appellants' motions, that appellants had failed to establish good cause for vacation of the judgment and that the court was without power to vacate, stay or set aside the judgment.

Appellants argue that appellee and his attorneys, by failing to send them or their attorneys a copy of the precedent for judgment before it was entered, violated Rule 1e of the Uniform Rules for Circuit and Chancery Courts promulgated by this court on March 1, 1969, and had deprived appellants of their right of appeal by leaving them without any means of determining when the period allowed for giving notice of appeal began to run.

Appellants proceeded under Ark. Stat. Ann. § 29-506 (Repl. 1962) and particularly upon subdivision "Seventh" giving a trial court the power to vacate a judgment after the expiration of the term in which it was entered for unavoidable casualty or misfortune preventing the party seeking relief from the judgment from appearing of defending. They rely not only upon Rule 1e of the Uniform Rules for Circuit and Chancery Courts, but upon Rule 3 (Praecipe for Orders and Judgments) of the Civil Practice Rules of the Eighteenth Judicial Circuit, filed in the office of the Clerk of this court. The latter rule reads:

> Appropriate orders reflecting the action taken by the court on all motions or other pleadings will be prepared by the prevailing party and submitted to the court within five days after the action.

Admittedly this judgment was not entered within five days, but we do not know when the precedent was submitted to the court. We do not agree with appellants' argument that failure to enter the judgment within the five-day period set out in the rule invalidated it. The time limitation was upon the submission of the precedent and not upon the entry of the judgment. Since the judgment was entered by the court, if it was submitted late, we must presume, in the absence of a contrary showing, that the late submission was permitted by the court for good and sufficient reasons. In this respect, the court's consideration and action upon a tardily filed precedent is very similar to its consideration of a tardily filed motion for new trial, in which case like presumptions are indulged. *Peek* v. *Meadors,* 255 Ark. 347, 500 S.W. 2d 333.

We likewise find no failure to comply with Rule 1e of the Uniform Rules for Circuit and Chancery Courts, viz:

Attorneys shall serve copies of all of their respective pleadings upon opposing counsel before or at the time of filing, and such papers must indicate the time and method of service.

A precedent for judgment is not, in any sense of the word, a pleading.

The question actually presented is whether the trial court abused its discretion in finding that there was no unavoidable casualty which prevented appellants from protecting their right to appeal. *Davis* v. *McBride,* 247 Ark. 895, 448 S.W. 2d 37. We are unable to say that there was. In reaching this conclusion, we take at face value appellants' assertions that counsel for appellee admitted in a telephone conversation with counsel for appellants that he had not submitted the proposed precedent to counsel for appellants for approval. Still, there were means available to appellants to avoid the situation in which they find themselves. There is no contention that the judgment entered is not in conformity with the memorandum containing the trial judge's findings. A litigant who makes no inquiry about the entry of a judgment based upon the trial court's findings for a period of eight months is in poor position to maintain that he is the victim of an unavoidable casualty. See *Bickerstaff* v. *Harmonia Fire Ins. Co.,* 199 Ark. 424, 133 S.W. 2d 890. Yet it is obvious from appellants' pleadings that no attention was given the matter after the receipt of the court's memorandum letter. It is no answer to say that appellee did not show that appellants did nothing. The burden of showing unavoidable casualty and that appellants were diligent and without negligence rested upon them. *Davis* v. *McBride, supra.*

A litigant is required to take notice of all proceedings during the pendency of an action to which he is a party. *Davis* v. *McBride, supra.* He must keep himself informed of the progress of his case and, when seeking relief from a judgment on account of unavoidable casualty, must show that he himself was not guilty of negligence. This principle has been applied to the very matter involved here, i.e., the failure of a defendant to ascertain that a judgment had been entered until execution was issued. *Bickerstaff* v. *Harmonia Fire Ins. Co., supra.* There we said that the trial court did not abuse its discretion in denying a motion to vacate the judgment for un-

avoidable casualty and that it correctly held that there was a lack of diligence on the part of the defendant.

Appellants' objection to the judgment was that the amount of the court's award of damages to fixtures exceeded the amount sought in the prayer in appellee's complaint and that an award of damages for conversion and deceit was outside the scope of the pleadings, and that there had been no amendment to appellee's complaint or motion for the pleadings to be amended to conform to the proof to bring these matters within the scope of the pleadings. This objection could have been raised before the entry of judgment. Any error in this respect should have been disclosed by the memorandum letter. Appellants never objected to these features of the court's findings until after execution had been issued on the judgment. Appellant might have moved for a new trial after the court's decision and before entry of judgment. Ark. Stat. Ann. § 27-1901, 1904 (Repl. 1962); *Doup* v. *Almand,* 212 Ark. 687, 207 S.W. 2d 601; *Henderson* v. *Skerczak,* 247 Ark. 446, 446 S.W. 2d 243; *Peck* v. *Meadors,* supra; *St. Louise Southwestern Railway Co.* v. *Farrell,* 241 Ark. 707, 409 S.W. 2d 341. Appellants also might have filed notice of appeal before judgment was entered. *Wilhelm* v. *McLaughlin,* 228 Ark. 582, 309 S.W. 2d 203. Yet, the record does not disclose any inquiry about the status of the judgment when more than five days elapsed after the date of the court's memorandum letter without any indication to appellants that the precedent had been submitted.

Appellants belatedly, in their reply brief, assert that they were also proceeding under the fourth subdivision of Ark. Stat. Ann. § 29-506, which provides for vacation of a judgment for fraud practiced upon the successful party in obtaining the judgment. A thorough review of appellants' abstract and original brief fails to disclose even a hint of reliance upon fraud as a ground for relief, either here or in the trial court. The original brief placed reliance solely upon unavoidable casualty. Be that as it may, there certainly is no evidence of fraud. The burden of showing fraud rested upon appellants. *Karnes* v. *Gentry,* 205 Ark. 1112, 172 S.W. 2d 424. Premature entry of a judgment, even though erroneous, is not a fraud for which a court may vacate its judgment after the expiration of the term under this subdivision. *Old American Ins. Co.* v. *Perry,* 167 Ark. 198, 266 S.W. 943. Entry of a judg-

ment for an amount not justified by the facts, as appellants contend was the case here, does not constitute a showing of fraud in the procurement of the judgment. *Parker* v. *Sims,* 185 Ark. 1111, 51 S.W. 2d 517. To say the least, there is no indication that fraud was practiced upon the *court* in the procurement of the judgment so it cannot be said that the section has any application to this case. *Turner* v. *Turner,* 221 Ark. 932, 257 S.W. 2d 271.

Of course in the view we take of the matter, it is unnecessary that we consider the question whether appellants had a meritorious defense. For fear that there may be some misunderstanding of our holding, we hasten to emphasize that we are determining only the question whether the circuit judge abused his discretion in ..efusing to vacate the judgment under the circumstances prevailing here. We are not approving or encouraging the entry of a judgment on a precedent prepared by the prevailing party without the adverse party or parties having had an opportunity to see the proposed judgment and make objections to its form, content or language before entry. We simply find no abuse of discretion here.

The denial of appellants' motion to vacate the judgment entered in this case is affirmed.