TEXAS GULF CITRUS AND CATTLE COMPANY, John D. Clouse, President and John D. Clouse, Individually, Appellants,

v.

Eugene T. KELLEY, Appellee.

No. 78–1530.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1978.

Decided Jan. 23, 1979.

H. Meade Summers, Jr., Clayton, Mo., for appellants.

C. Wayne Harris, Warner & Smitn, Fort Smith, Ark., for appellee.

Before HEANEY and ROSS, Circuit Judges, and SMITH, Senior District Judge.*

HEANEY, Circuit Judge.

Texas Gulf Citrus and Cattle Company and John D. Clouse appeal from an order of the District Court granting Eugene T. Kelley's motion for summary judgment.

---

* The Honorable TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation, participated in the post-argument conference and concurred in this opinion prior to his death on December 21, 1978.

Clouse is the president and chairman of the board of Texas Gulf Citrus. He brought this action against Kelley, seeking damages for legal malpractice. The District Court determined that Clouse's action was barred because a prior state court judgment was res judicata. We affirm.

On March 10, 1976, Eugene T. Kelley filed a complaint in the Circuit Court of Benton County, Arkansas, against Texas Gulf Citrus and Cattle Company and John D. Clouse. Kelley sought to recover $1,850.75, which represented the balance due for legal services rendered on behalf of Texas Gulf Citrus and Clouse. Clouse, acting pro se, filed an answer on May 6, 1976, and, simultaneously, moved that the action be transferred to the United States District Court for the Western District of Arkansas. The Circuit Court denied the request since there was an insufficient amount in controversy to confer federal jurisdiction. See 28 U.S.C. §§ 1332, 1441. On the same day, Clouse filed an action in the District Court against Kelley alleging legal malpractice. The action was filed in the wrong division of the court and it was dismissed without prejudice on August 26, 1976. The action was properly refiled on June 20, 1977.

The exact nature of the alleged malpractice is unclear. It appears that Clouse is dissatisfied with the manner in which Kelley represented him during several real estate transactions. Clouse also alleges that Kelley misappropriated $5,000 that had been escrowed to purchase some real estate.

Kelley filed a motion for summary judgment in the Arkansas Circuit Court on June 28, 1976. The hearing on this motion was delayed several times until July 5, 1977. Clouse wrote the state court judge, who was responsible for the case, on June 27, 1977, requesting a postponement since he was going on a trip. The state court judge took no formal action on the request. There is no suggestion, however, that Clouse was told that the hearing would be postponed. Clouse failed to attend the hearing. The Arkansas Circuit Court granted Kelley's motion for summary judg-

ment on July 5, 1977. After writing the letter on June 27, 1977, Clouse made no further inquiries of the status of the state court proceeding.

On March 16, 1978, Kelley filed a motion for summary judgment in the District Court, arguing that the action in the District Court was barred by the principles of res judicata. The District Court determined that, under the Arkansas law, the malpractice claim had to be asserted against Kelley in the state court suit to collect legal fees. Since Clouse failed to assert his claim, he was now barred from bringing a separate action in federal court. It also determined that the state court judgment was not void for lack of subject matter or personal jurisdiction, nor was it procured by extrinsic fraud.[1] The court concluded that the state court judgment was res judicata and granted the motion for summary judgment.

Clouse argues, initially, that the state court decision was not res judicata because he was effectively denied the right to appeal it. He maintains that he was not notified of the state court judgment until November 17, 1977, when Kelley answered his complaint in federal court. By November 17, the time for taking an appeal from the judgment had passed. Consequently, Clouse contends he was denied the right to appeal, a necessary prerequisite of res judicata.

We disagree. A right to appeal was available to Clouse, but it was lost because of his lack of attention to the state court proceeding. Under Arkansas law, a party is required to take notice of all proceedings during the pendency of his action. *Jetton v. Fawcett*, Ark., 568 S.W.2d 42, 44 (1978); *Karam v. Halk*, 260 Ark. 36, 537 S.W.2d 797, 799 (1976). A party does not effectively lose his right to appeal simply because he fails to receive a copy of the judgment entered against him. *See Karam v. Halk, supra*. Moreover, after the time for taking an appeal had passed, Clause could have requested the state court to set

---

1. These findings are not challenged on appeal.

aside the judgment in accordance with Ark. Stat.Ann. § 29–506. He has never attempted to invoke this provision.

[4] Clouse further argues that, although this may be true where an individual is represented by counsel, he was acting in a pro se manner and should be held to a lesser standard.[2] Arkansas law is to the contrary. A party is required to take notice of all proceedings whether he is acting pro se or is represented by counsel. *Compare Jetton v. Fawcett, supra, with Karam v. Halk, supra.*

 Clouse next argues that his legal malpractice claim was not a compulsory counterclaim under Arkansas law since it was not closely enough related to the action for legal fees. Ark.Stat.Ann. § 27–1121 provides in part:

The answer shall contain:

&ast; &ast; &ast; &ast; &ast; &ast;

Third: A statement of any new matter constituting a defense, counter-claim or set-off, in ordinary and concise language, without repetition.

Ark.Stat.Ann. § 27–1123 provides:

The counterclaim mentioned in this chapter [§ 27–1121] may be any cause of action in favor of the defendants, or some of them against the plaintiffs or some of them.

Pursuant to these provisions, the Arkansas courts have required a defendant to set out in his answer all claims he may have against the plaintiff whether the claims arose out of the same transaction or were totally unrelated to the plaintiff's cause of action. *See May v. Exxon Corporation,* 256 Ark. 865, 512 S.W.2d 11 (1974). Thus, Clouse was required to assert his legal malpractice claim in the state court action.

 Clouse finally argues that the state court judgment was not res judicata as to the legal malpractice claim even if it was a compulsory counterclaim under Arkansas

law, since the claim was pending as an independent action in federal court. We note, however, that the compulsory counterclaim arose when Kelley filed his action in the state court. There was no independent action pending in federal court at that time and, thus, Clouse was required to raise the legal malpractice claim in the state court action. *See generally* 3 Moore's Federal Practice ¶ 13.14[2] (2d ed. 1978). Since the legal malpractice claim was a compulsory counterclaim, the state court judgment was res judicata whether or not the claim was pleaded. *See Carter v. Money Tree Co.,* 532 F.2d 113, 115 (8th Cir.), *cert. denied,* 426 U.S. 925, 96 S.Ct. 2636, 49 L.Ed.2d 380 (1976); 1B Moore's Federal Practice ¶ 0.410[1] at 1152 (2d ed. 1974).

The judgment is affirmed.[3]

---

2. Clouse represented himself during most of the proceedings. He had counsel for a short period when the state court action was pending. Clouse, however, dismissed him and he was permitted to withdraw from the action on March 3, 1977.

3. Clouse is not precluded from filing a complaint with the Arkansas state bar association which may decide to investigate further the alleged malpractice.