The Honorable David R. Malone State Senator P.O. Box 1048 Fayetteville, Arkansas 72702-1048
Dear Senator Malone:
This is in response to your request for an opinion on the following question:
 Act 874 of 1997 authorized county clerks to receive facsimile copies as pleadings. May orders of the Court also be received as facsimile copies?
I understand your question refers to orders prepared by counsel, signed by the judge, and then faxed to the clerk for filing. In my opinion, facsimile copies of such orders may not be received by the clerk.
The act you reference, Act 874 of 1997 amended A.C.A. § 16-20-109, originally passed in 1989. That statute now provides in pertinent part that:
 Any court clerk of a court of record may accept facsimile copies transmitted over telephone lines for filing as pleadings in cases, provided such pleadings are transmitted onto bond-type paper which can be preserved for a period of at least ten (10) years.
A.C.A. § 16-20-109(a).
This statute is limited to "pleadings." The term "pleadings" is not defined in the statute. It is my opinion, however, that neither the legal meaning nor the common meaning of this term includes orders of the court. Cf. Karam v. Halk, 260 Ark. 36, 537 S.W.2d 797 (1976) (stating that "a precedent for judgment is not, in any sense of the word, a pleading" and Webster's Seventh New Collegiate Dictionary at 650 defining a pleading as "one of the formal, usually written allegations and counter allegations made alternatively by the parties in a legal action or proceeding." (Emphasis added).
Also relevant to the inquiry, however, are the applicable Arkansas Rules of Civil Procedure.[1] In my opinion the answer to your question is also "no" under the relevant rules. Rule 5(c)(2), which authorizes facsimile filings in some instances, provides in pertinent part that:
 The clerk may accept facsimile transmissions of any paper filed under this rule, provided that it is transmitted on to bond-type paper that can be preserved for a period of at least ten years or on to non-bond paper if an original is substituted for the facsimile copy within ten days of transmission.[2] [Emphasis added.]
The Reporter's Notes to this Rule states that: "A statute adopted in 1989 provides that clerks may accept fax copies of pleadings but does not cover other papers that are filed. See Ark. Code Ann. § 16-20-109. Paragraph (2) tracks the language of the statute but applies to any paper filed under this rule."
The applicable Rule of Civil Procedure, therefore, is broader than the statute and allows the clerk to accept facsimile transmissions of "any paper filed under this rule." The pertinent question is therefore whether an order of the court is a "paper filed under [Rule 5]. It is my opinion that it is not.
Although the term "paper filed under this rule" is broad enough to include "every other paper" filed subsequent to the complaint (Rule 5(a)); and "all papers after the complaint" (Rule 5(c)(1)), and the Reporter's Note to Rule 5 indicates that the phrase "every other paper" is to be given an expansive reading and includes "all pleadings, papers and other documents generated in the lawsuit," in my opinion orders of the court are not filed pursuant to ARCP 5, but are filed or entered under ARCP 58 and Administrative Order No. 2. Some explanation is necessary. Rule 5 of the Arkansas Rules of Civil Procedure governs service and filing of pleadings and other papers. It sets forth when and how pleadings and other papers must be served on the parties or their attorneys.[3] It also, in subsection (c), requires filing with the clerk of the pleadings and papers required to be served under Rule 5(a). This rule addresses service between the parties and filing of documents so served. In my opinion it does not govern the filing or entry of court orders. That action is governed by ARCP 58 and Administrative Order No. 2. Rule 58 provides that:
 Subject to the provisions of Rule 54(b), upon a general or special verdict, or upon a decision by the court granting or denying the relief sought, the court may direct the prevailing party to promptly prepare and submit, for approval by the court and opposing counsel, a form of judgment or decree which shall then be entered as the judgment or decree of the court. The court may enter its own form of judgment or decree or may enter the form prepared by the prevailing party without the consent of opposing counsel.
 Every judgment or decree shall be set forth on a separate document. A judgment or decree is effective only when so set forth and entered as provided in Administrative Order No. 2.
Administrative Order No. 2, subsection (b), provides that:
 (b) Judgments and Orders. The clerk shall keep a judgment record book in which shall be kept a correct copy of every final judgment or appealable order, or order affecting title to or lien upon real or personal property, and any other order which the Court may direct to be kept. The clerk shall denote the date and time that a judgment or order is filed by stamping or otherwise marking it with the date and time and the word "filed."
This provision requires the clerk to keep a "correct copy" of every final judgment or appealable order in the "judgment record book." It does not authorize facsimile copies.
In my opinion, therefore, to the extent you are asking whether the clerk may accept facsimile copies of orders prepared by counsel and signed by the judge for entry in the judgment record book, it is my opinion that the answer to your question is "no" under either A.C.A. § 16-20-109 or the Arkansas Rules of Civil Procedure.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] In the case of a conflict between an enactment of the General Assembly and a rule of the Arkansas Supreme Court, the court will defer to the General Assembly "only to the extent that the conflicting court rule's primary purpose and effectiveness are not compromised; otherwise, [the court's] rules remain supreme. State v. Sypult, 304 Ark. 5,800 S.W.2d 402 (1990).
[2] It should be noted that several changes to Arkansas Rule of Civil Procedure 5 are currently being considered. See Arkansas Supreme Court Per Curiam Orders dated December 4, 1997 and January 22, 1998. The changes proposed would, among other things, supersede A.C.A. §16-20-109.
[3] Cf. also A.C.A. § 16-58-131 (1987).