MONROE DAVIS AND JERRY DAVIS *v.* RALSTON PURINA COMPANY ET AL

5-5180 455 S. W. 2d 685

Opinion delivered June 2, 1970
[Rehearing denied August 3, 1970.]

*Williams & Gardner,* for appellants.

*Laws & Schulze,* for appellees.

GEORGE ROSE SMITH, Justice. This appeal is from a circuit court order refusing to set aside a jury verdict and grant a new trial. The appellants concede that such an order will be reversed only upon a showing that the trial court manifestly abused its discretion in the matter. *Thomas* v. *Arnold,* 192 Ark. 1127, 96 S. W. 2d 1108 (1936).

Over a period of years the appellants, father and son, raised turkeys, produced hen eggs, and hauled feed under contracts with the appellee Ralston Purina Company. For reasons about which the evidence is in conflict the appellants eventually became heavily indebted to Ralston Purina. The parties' working arrangements finally came to an end in 1968, when Ralston Purina brought an action in replevin to recover possession of some 65,000 laying hens.

Thereafter the Davises brought this action against Ralston Purina and one of its employees for damages for breach of contract. Ralston Purina filed a counterclaim to recover the amounts owed to it by contract, about which there is really no dispute. The issues were submitted to a jury, which returned a verdict for the plaintiffs in the amount of $45,349.96 upon their complaint and a verdict for Ralston Purina in the amount of $163,142.41 upon its counterclaim.

The plaintiffs' motion for a new trial was based essentially upon these facts: At the trial the Davises offered evidence (which Ralston Purina did not directly contradict) to show that they had suffered five items of damage for the breach of their Laying Hen Contract and one item of damage for the breach of their Feed Dealership Contract, as follows:

Laying Hen Contract

| | |
|---|---:|
| Loss on eggs sold to breaker | $ 27,954.60 |
| Loss on hens sold | 6,455.36 |
| Loss of anticipated profits | 141,455.35 |
| Loss of discount on hen feed | 9,041.17 |
| Interest charged by Ralston Purina | 11,908.36 |

Feed Dealership Contract

| | |
|---|---:|
| Loss on overage | 5,487.00 |

It is mathematically demonstrable that the jury's verdict for $45,349.96 is the exact sum of the first, fifth, and sixth items listed above and that the amount of the verdict cannot be arrived at by any other combination of pertinent figures in the record. Upon that premise the appellants insist that the jury necessarily found that both contracts had been breached and therefore acted arbitrarily in not awarding the plaintiffs the full amount of damages listed in the foregoing tabulation. The appellants conclude that the trial court abused its discretion in denying their motion for a new trial.

Such an argument is fully answered by our holding in *Fulbright* v. *Phipps,* 176 Ark. 356, 3 S. W. 2d 49 (1928), and similar cases. In the Fulbright case the suit was brought to enforce a salary claim for $10,000. Under the evidence the verdict should have been for the full $10,000 or for nothing. The jury, however, awarded the plaintiff only $5,000, which we recognized as a manifest compromise. Both parties filed motions for a new trial. We held that the trial court might properly have granted either motion if convinced that

the verdict was contrary to the preponderance of the evidence, "or have overruled both motions for a new trial if not so convinced." In a later case we pointed out that in such a situation the arguments in favor of a larger verdict are equally balanced by those in favor of a smaller one. *Alexander* v. *Mutual Benefit Health & Acc. Assn.*, 232 Ark. 348, 336 S. W. 2d 64 (1960).

In the case at bar the appellants earnestly insist that the jury, having found a breach of the Laying Hen Contract, were somehow bound to award every cent of damages supported by the plaintiffs' proof. That contention, however, cannot be sustained, because the testimony was by no means undisputed. For example, the loss of $141,455.35 in anticipated profits represents about 90% of the requested damages that the jury disallowed. That estimated loss was arrived at by the witness Garrett, an accountant who had been employed by the Davises to keep their books. Garrett simply started with an assumed flock of 66,000 laying hens, estimated the numer of eggs that they would have laid during the remaining life of the contract, and by a series of intricate mathematical computations concluded that the Davises would have realized a profit of exactly $141,455.35—to the penny—in less than a year if the contract had not been breached. On the other hand, the jury had before it the hard fact that the Davises had never been able to reach anything even approaching that scale of profits in their past operations. Quite the contrary, they owed Ralston Purina the sum of $163,-142.41 as one result of those past operations. We certainly cannot say from the record that the jury were not warranted in rejecting Garrett's optimism about the future.

The trial court, in denying the appellants' motion for a new trial, made a specific finding that "the verdict of the jury in this matter was not contrary to the preponderance of the evidence." There is, of course, a possibility that the trial judge actually believed that the jury awarded the plaintiffs more than they were entitled to by the weight of the evidence. In any event,

we cannot say that the court's denial of the motion for a new trial was a manifest abuse of his wide discretion in the matter.

Affirmed.