MILLERS CASUALTY INS. CO. of Texas *v.* Claude HOLBERT

5-5977                                      484 S.W. 2d 528

Opinion delivered September 18, 1972

*Teague, Bramhall, Davis & Plegge* by: *Thomas M. Bramhall,* for appellant.

*Wright, Lindsey & Jennings,* for appellee.

JOHN A. FOGLEMAN Justice. The circuit judge granted appellee's motion for a new trial of his claim against appellant for losses on account of vandalism and malicious mischief which he asserted came within the coverage of insurance policies issued by appellant. The jury verdict on appellee's claim for damage to a duplex dwelling house was for appellant. On a claim for damage to an apartment, the verdict fixed the loss at only $5,800, although appellee claimed that the loss amounted to $15,000, and introduced evidence which might have sustained such a verdict. The basis for granting a new trial was the circuit judge's opinion that there were prejudicial errors in his giving of instructions to the jury. The judge stated that he had given inherently erroneous instructions covering issues that never should have been submitted to the jury.

Appellant argues that this action constituted an abuse of the circuit judge's discretion because there was only one portion of one instruction which might have been deemed erroneous and that the court and the attorneys all knew when it was given that it was erroneous in that the jury was told that it should find for appellant if any portion of appellee's loss was caused by his own

neglect, rather than diminish the recovery to the extent that this neglect caused loss. Appellant then argues that the error in the instruction was cured by the jury verdict, because the jury did not allow appellee the full amount of damages to the apartment building to which the instruction would have applied but actually did what it should have, i.e., diminished the recovery by allowing only $5,800.

We are unable to say that there has been any abuse of discretion in this case regardless of whether the instructions were erroneous or correct. We have held that a trial judge who explained in detail that, by refusing an instruction, he had, in his opinion, failed to present the issues, exercised his inherent power to grant a new trial in his sound discretion, and not arbitrarily. *Hardin* v. *Pennington*, 240 Ark. 1000, 403 S.W. 2d 71. Here the circuit judge explained in detail that he should not have submitted to the jury the issue of appellee's neglect at or after the occurrence or an issue relating to the occurrence of the loss at a time when the hazard insured against had been increased over that existing when the policy was sold and delivered. He also stated that the errors he found were not cured by other instructions given. By analogy to the *Hardin* case there was no abuse of discretion unless the jury verdict itself can be said to clearly demonstrate that it did not result from the instructions the circuit court felt were erroneous.

Appellant contends that the verdict was the result of a compromise and not because of any alleged error in the instruction. We are unable to discern the basis of the jury verdict. At least since our decision in *Fulbright* v. *Phipps*, 176 Ark. 356, 3 S.W. 2d 49, we have recognized, however, that, even though a verdict for a plaintiff is inconsistent because it is for a lesser amount than that clearly indicated by the evidence, the judgment should be for the amount of the verdict, unless the trial judge finds it contrary to the preponderance of the evidence, in which event he should grant a new trial. There we recognized, and properly so, as we have continuously done, that many verdicts for a partial award result from compromise in the jury room. See *Davis* v. *Ralston Purina*

Co., 248 Ark. 1128, 455 S.W. 2d 685; *Alexander* v. *Mutual Benefit Health & Accident Assn.*, 232 Ark. 348, 336 S.W. 2d 64.

Continued recognition of the necessity for such compromises is essential to the endurance of the jury system, and an important component of our adversary system of justice. Still, we cannot say that the trial judge abused his discretion in granting a new trial here. In *Fulbright*, we emphasized the duty of the trial judge to grant a new trial after the rendition of such a verdict when it is against the preponderance of the evidence. His discretion is not abused when, as here, he concludes that errors committed by the court must have misled the jury. The trial judge's remarks clearly indicate that he felt, without regard to any statements made by jurors, that there were issues improperly submitted to the jury and that the evidence was such that a jury could have only reached a verdict by considering these issues and by resorting to speculation and conjecture.

We find it unnecessary to consider the correctness of the instructions given, to express any opinion as to the preponderance of the evidence or to speculate upon the means by which the jury reached its verdict. We simply do not find any abuse of discretion under these circumstances.

Accordingly, the judgment is affirmed.