
# SUPREME COURT OF ARKANSAS

No. CV–13–891

| | |
|---|---|
| P. TIMOTHY ENGLISH, M.D.; FAMILY MEDICINE CLINIC, P.A.; JOHN H. BRUNNER, M.D.; AND HERITAGE PHYSICIAN GROUP, P.A. **APPELLANTS** | **Opinion Delivered** December 11, 2014 <br><br> APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. CV-2010-736-II] |
| V. | HONORABLE VICKI SHAW COOK, JUDGE |
| BRINDA ROBBINS **APPELLEE** | AFFIRMED. |

**COURTNEY HUDSON GOODSON, Associate Justice**

Appellants, P. Timothy English, M.D.; Family Medicine Clinic., P.A.; John Brunner, M.D.; and Heritage Physicians Group, P.A., appeal the circuit court's order vacating a judgment entered in favor of appellants. Appellants argue that the circuit court erred in vacating the judgment because the grounds for a new trial were not discovered more than ninety days after the court entered the amended judgment; that Act 1116 of 2013 applies retroactively to allow a third-party complaint for allocation of fault; and finally that any error in instructing the jury was harmless in light of the fact that the jury placed no fault on appellants. Appellee, Brinda Robbins, cross-appeals from the initial judgment, arguing that the circuit court erred in allowing appellants to bring in a third-party defendant shortly before trial; in refusing to instruct the jury on the burden of proof for affirmative defenses; and in allowing expert testimony that exceeded the scope of the expert's deposition. We

SLIP OPINION

affirm the circuit court's grant of a new trial, rendering the issues raised on cross-appeal moot.

This is an appeal from a jury verdict in a medical-malpractice case. Robbins is the court-appointed representative of the estate of her deceased mother, Ms. Betty Phillips. Phillips died in 2005 from gastric cancer. In 2006, Robbins filed suit against Phillips's doctors, Gary Don Slaton, appellants English and Brunner, and their respective clinics. In 2009, Robbins settled with Slaton and dismissed her lawsuit against the remaining defendants without prejudice. In 2010, Robbins refiled her case against appellants, English and Brunner and their clinics. Approximately one month before trial, appellants each filed third-party complaints against Slaton for contribution and an allocation of fault pursuant to the Uniform Contribution Among Tortfeasors Act, found at Ark. Code Ann. §§ 16-61-201 et seq., (UCATA) and the Civil Justice Reform Act of 2003, codified at Ark. Code Ann. § § 16-55-201 et seq. (CJRA). Robbins moved to strike the third-party complaints, arguing first, that the complaints were untimely and second, that following the abrogation of joint and several liability, no claim for contribution existed under the UCATA. Less than two weeks before trial, the circuit court denied Robbins's motion and allowed appellants to proceed on their third-party complaints against Slaton.

During the trial, the circuit court submitted instructions to the jury stating that Robbins bore the burden of proof against all doctors, including Slaton, and the court refused to give Arkansas Model Jury Instruction – Civil 206 placing the burden of proof for affirmative defenses on appellants. Additionally, the circuit court submitted the case to the

jury on five interrogatories: three regarding the negligence of each doctor; one allocating fault between the doctors; and one awarding damages to Robbins. The jury answered that Slaton was the only doctor who had violated the standard of care, and the jury apportioned one hundred percent of the fault to him. Additionally, the jury found that Robbins sustained zero dollars in damages. The circuit court entered judgment accordingly on October 3, 2012, and an amended judgment on October 5, 2012. Following the entry of judgment, Robbins filed a motion for new trial, which the circuit court denied, and Robbins filed a timely notice of appeal.

On December 13, 2012, this court handed down its decision in *Proassurance Indemnity Co. v. Metheny*, 2012 Ark. 461, 425 S.W.3d 689, holding that the CJRA did not create a substantive right to an allocation of fault. Thereafter, on January 2, 2013, Robbins filed a motion for relief from judgment citing the *Metheny* decision. On February 7, 2013, this court issued the decision of *St. Vincent Infirmary Medical Center v. Shelton*, 2013 Ark. 38, 425 S.W.3d 761, holding that the UCATA did not allow a third-party claim for contribution following the abrogation of joint and several liability. On March 8, 2013, the circuit court entered an order vacating the judgment and holding that, pursuant to the decisions in *Shelton* and *Metheny*, the third-party complaints and the verdict form naming Slaton were erroneous and that the jury instructions in the instant case were "fatally flawed." Appellants filed a motion for reconsideration, which the circuit court denied. They filed a timely notice of appeal from that order.

Subsequently, on April 8, 2013, the General Assembly passed Act 1116 of 2013,

3

SLIP OPINION

modifying the UCATA. Act 1116 modified the definition of "joint tortfeasor" and added a new definition of "several liability," which it defined as "each person or entity is liable only for the amount of damages allocated to that defendant in direct proportion to that defendant's percentage of fault." Act of Apr. 11, 2013, No. 1116, § 2, 2013 Ark. Acts 4345, 4346 (codified as amended at Ark. Code Ann. § 16-61-201 (Supp. 2013)). The Act also added a new section providing that "the right to contribution is not limited to money damages but also includes the right to allocation of fault as among all joint tortfeasors and the rights provided for in § 16-61-204." *Id.* § 3.

Appellants filed a motion to set aside the order vacating the judgment based on the new Act, arguing that the Act clarified that the third-party complaints were properly before the jury. The circuit court denied the motion, ruling that the Act was an unconstitutional infringement on the powers of the judiciary under amendment 80 and also that the Act could not be constitutionally applied retroactively to Robbins. Appellants filed an amended notice of appeal from that order.

On appeal, appellants first argue that the circuit court abused its discretion in granting the new trial because the grounds were not discovered outside of ninety days and did not constitute "new evidence," and they assert that, in any event, any improper instruction would be harmless because the jury apportioned no liability to appellants. Further, appellants contend that the court properly instructed the jury using their third-party complaints against Slaton because Act 1116 should be applied retroactively. Robbins cross-appeals from the initial judgment and argues that the circuit court erred in allowing the third-party complaints

against Slaton, erred in not instructing the jury on the burden of proof, and erred in allowing an expert witness to testify to matters he had not previously testified to in his deposition. We affirm the circuit court's grant of a new trial and decline to address Robbins's cross-appeal as moot.

Appellants challenge the circuit court's vacating of the judgment and grant of new trial to Robbins under Rule 60(c)(1)of the Arkansas Rules of Civil Procedure. We will reverse a circuit court's order granting a motion for a new trial only if there is a manifest abuse of discretion. *Bulsara v. Watkins*, 2012 Ark. 108, 387 S.W.3d 165. Manifest abuse of discretion means a discretion improvidently exercised, i.e., exercised thoughtlessly and without due consideration. *Entertainer, Inc. v. Duffy*, 2012 Ark. 202, 407 S.W.3d 514 (2012); *Nazarenko v. CTI Trucking Co.*, 313 Ark. 570, 856 S.W.2d 869 (1993). A circuit court's factual determination on a motion for a new trial will not be reversed unless clearly erroneous. *Bulsara*, 2012 Ark. 108, at 7, 387 S.W.3d at 169. A showing of an abuse of discretion is more difficult when a new trial has been granted because the party opposing the motion will have another opportunity to prevail. *Young v. Honeycutt*, 324 Ark. 120, 919 S.W.2d 216 (1996). Accordingly, the party has less basis for a claim of prejudice than does one who has unsuccessfully moved for a new trial. *Carr v. Woods*, 294 Ark. 13, 740 S.W.2d 145 (1987).

Rule 60(c)(1) governs the vacating of judgments after ninety days and provides,

(c) The court in which a judgment, other than a default judgment [which may be set aside in accordance with Rule 55(c)] has been rendered or order made shall have the power, after the expiration of ninety (90) days of the filing of said judgment with the clerk of the court, to vacate or modify such judgment or order:
(1) By granting a new trial where the grounds therefor were discovered after

the expiration of ninety (90) days after the filing of the judgment, or, where the ground is newly discovered evidence which the moving party could not have discovered in time to file a motion under Rule 59(b), upon a motion for new trial filed with the clerk of the court not later than one year after discovery of the grounds or one year after the judgment was filed with the clerk of the court, whichever is the earlier; provided, notice of said motion has been served within the time limitations for filing the motion.

Ark. R. Civ. P. 60(c)(1). Appellants argue that the circuit court improperly granted a new trial under Rule 60(c)(1) because the grounds for the motion were discovered before the expiration of ninety days. Specifically, appellants argue that our decision in *Metheny*, which was decided on December 13, 2012, was released less than ninety days after the amended judgment was filed on October 5, 2012, and as a result, the circuit court erred in granting relief under Rule 60(c)(1). However, we are precluded from addressing appellants' argument of error regarding the timing of the grounds because the circuit court relied on both our decision in *Metheny* and our decision in *Shelton* in granting the new trial. We have held that where the circuit court based its decision on two independent grounds and an appellant challenges only one on appeal, the appellate court will affirm without addressing either. *Duke v. Shinpaugh*, 375 Ark. 358, 290 S.W.3d 591 (2009). Because appellants fail to address the circuit court's ruling that the decision in *Shelton* also afforded a basis for a new trial, we do not address the merits of appellant's argument concerning the timing of discovery of the grounds for the Rule 60(c)(1) relief.

Appellants' second argument is that the circuit court erred in denying their motion to set aside the order vacating the judgment following the General Assembly's passage of Act 1116 of 2013. Appellants argue that this Act clarifies the law that a claim for contribution and

SLIP OPINION

allocation of fault is proper and should be applied retroactively to this case. We agree with the circuit court that the Act cannot be applied retroactively to this case because it creates a new, substantive right of allocation of fault that the appellants sought to invoke in this case.

The first principle of retroactivity of legislation is that retroactivity is a matter of legislative intent. Unless it expressly states otherwise, this court presumes the legislature intends for its laws to apply only prospectively. *Archer v. Sisters of Mercy Health Sys., St. Louis, Inc.*, 375 Ark. 523, 294 S.W.3d 414 (2009). In this case, Act 1116 clearly evidences its intention to be applied retroactively. First, the purpose of the Act states:

> It is the intent of the General Assembly that the rights afforded to joint tortfeasors by this act apply with equal force after the modification of joint and several liability as provided in § 16-55-201, and that none of the rights granted to joint tortfeasors by this act, including allocation of fault and credits for settlements entered into by other joint tortfeasors, shall be denied to joint tortfeasors.

Act of Apr. 11, 2013, No. 1116, § 1. Additionally, the Act states, "This act is remedial in nature and applies to all causes of action accruing on or after March 25, 2003." *Id.*

However, the plain language of an act is not the only consideration in determining whether a statute can be applied retroactively. Even where a statute expressly provides that it is retroactive, this court must still ensure that applying the statute retroactively will not impair or disturb a contractual or vested right, or create a new obligation. *Ark. Dep't of Human Servs. Div. of Econ. & Med. Servs. v. Walters*, 315 Ark. 204, 866 S.W.2d 823 (1993). Accordingly, laws involving substantive rights cannot be constitutionally applied retroactively. *Gillioz v. Kincannon*, 213 Ark. 1010, 214 S.W.2d 212 (1948). A law is substantive when it is "[t]he part of the law that creates, defines, and regulates the rights, duties, and powers of

parties." *Johnson v. Rockwell Automation, Inc.*, 2009 Ark. 241, at 8, 308 S.W.3d 135, 141.

Here, the Act creates a new, substantive right to allocation of fault that cannot be constitutionally applied retroactively. The Act adds the term "several liability," which means "each person or entity is liable only for the amount of damages allocated to that defendant in direct proportion to that defendant's percentage of fault." Ark. Code Ann. § 16-61-201(2). The Act also added a new section providing that "the right to contribution is not limited to money damages but also includes the right to allocation of fault as among all joint tortfeasors and the rights provided for in § 16-61-204." Ark. Code Ann. § 16-61-202(c). Section 16-61-204 provides rights for joint tortfeasors against released tortfeasors and provides, "When the injured person releases a joint tortfeasor, the remaining defendants are entitled to a determination by the finder of fact of the released joint tortfeasor's pro rata share of responsibility for the injured person's damages." Ark. Code Ann. § 16-61-204(d). These sections create substantive rights that were absent from the previous version of the UCATA and therefore, cannot be applied retroactively.

Our decision in *J-McDaniel Construction Co. v. Dale E. Peters Plumbing, Ltd.*, 2014 Ark. 282, 436 S.W.3d 458, is not inapposite to this holding because the statutory provisions at issue in that case did not directly impact the newly created substantive right to allocation of fault. In that case, the plaintiff had brought suit against a construction company, which in turn filed third-party complaints against subcontractors. The plaintiff subsequently settled with all defendants. The circuit court dismissed the third-party complaints for contribution. On appeal, this court held that Act 1116 could be applied retroactively because "the statutory

provisions at issue in this case, which provide for a right to contribution, remain essentially unchanged from their prior versions." *Id*. at 12, 436 S.W.3d at 467.

The markedly different procedural posture of the instant case mandates a different result. First, because the plaintiff had settled with the defendants in *J-McDaniel*, that case involved only the right of contribution for indemnity and money damages and not the right to receive an allocation of fault. While the provisions of Act 1116 regarding contribution for indemnity and money damages are similar to the previous version of the UCATA, the provisions of Act 1116 establishing a substantive right to an allocation of fault between joint tortfeasors are wholly new.

In addition, appellants argue that the Act only "clarified" substantive rights, but, as noted by this court in *Shelton*, the previous version of the UCATA did not contain a right for contribution for the sole purpose of allocation of fault or a determination by the fact-finder of the released joint tortfeasor's pro rata share of responsibility. Instead, under the old law, any allocation of fault was performed only with the ultimate aim to determine indemnity and money damages. Thus, Act 1116 created a new, substantive right to allocation of fault *separate from* the right to recover money damages. Because our law prohibits the application of this new, substantive right retroactively against Robbins, the circuit court did not abuse its discretion in denying appellants' motion to set aside the order vacating the judgment.

Finally, appellants argue that the circuit court erred in vacating the judgment because any error in allowing Slaton to be put on the verdict form was harmless error in light of the fact that the jury allocated no liability to appellants. The circuit court found that, as a result

9

of the errors in the trial, the trial was "fatally flawed" and granted a new trial. A circuit court's factual determination on a motion for a new trial will not be reversed unless clearly erroneous. *Bulsara*, 2012 Ark. 108, at 7, 387 S.W.3d at 169.

We cannot say that the circuit court abused its discretion in finding that the errors of the trial were not harmless. First, the circuit court entered its order allowing appellants to file third-party complaints less than two weeks before the start of the trial in this case. Rule 14 of the Arkansas Rules of Civil Procedure governs third-party complaints and provides that, where a defendant seeks to file a third-party complaint more than ten days from when the defendant files its answer, the defendant must seek leave of the court to file the third-party complaint. In this case, appellants filed their third-party complaints against Slaton well outside the ten-day deadline. Although the circuit court granted permission for the filing, Robbins argues that the timing of the complaints was prejudicial because it did not give Robbins adequate time to prepare for the new claims against Slaton. We have previously held that a circuit court did not abuse its discretion in determining that prejudice would result from an amended complaint adding a new theory into the case over a year after the initial complaint had been filed. *Stoltz v. Friday*, 325 Ark. 399, 926 S.W.2d 438 (1996). Similarly, here, the appellants filed their third-party complaints over two years after they filed their initial answer and only a little over a month before trial. The circuit court did not abuse its discretion in determining that the timing of the improper complaints resulted in prejudice to Robbins.

Additionally, the circuit court improperly instructed the jury regarding the third-party complaints against Slaton. In general, parties are not required to demonstrate prejudice

10

associated with the giving of improper instructions regarding the mechanisms for deciding a case. *Skinner v. R.J. Griffin & Co.*, 313 Ark. 430, 855 S.W.2d 913 (1993). As this court stated in *Skinner*, "Such a requirement is often an impossible burden, and the requirement of an impossible burden, in effect, renders the requirement of correct instructions on the law meaningless." *Id.* at 434–35, 855 S.W.2d at 916. On the other hand, we have also held that the error may be rendered harmless by other factors in the case. *See England v. Costa*, 364 Ark. 116, 216 S.W.3d 585 (2005). This court noted in *Skinner, supra*, that examples of harmless error would be where the jury demonstrably was not misled because the jury rejected the theory of the erroneous instruction, or where the erroneous instruction was obviously cured by other correct instructions. *Skinner*, 313 Ark. at 435, 855 S.W.2d at 913.

We cannot say that the circuit court manifestly abused its discretion in determining that appellants had failed to establish harmless error. First, as illustrated above, appellants had no right to file third-party complaints against Slaton or to receive an apportionment of his fault. Thus, the court's inclusion of him in the interrogatories was erroneous. Second, the circuit court's instructions to the jury repeatedly misstated the law regarding the burden of proof for Slaton's negligence. Specifically, the court instructed the jury that Robbins had the burden of proving the negligence of Slaton. Additionally, the court declined to give Arkansas Model Jury Instruction – Civil 206 to the jury, which provides that the defendants have the burden of proof regarding affirmative defenses.[1] The affirmative-defense instruction must be given

---

[1] Arkansas Model Jury Instruction – Civil 206 provides:
(Defendant) contends that there was negligence on the part of (third-party defendant) which was a proximate cause of the injury. (Defendant) has the burden of proving this contention.

11

when the issue of negligence on the part of a party claiming damages is raised as a defense. *Druckenmiller v. Cluff*, 316 Ark. 517, 873 S.W.2d 526 (1994).

We have affirmed a trial court's grant of new trial where the judge explained in detail that, by refusing an instruction, he had, in his opinion, failed to present the issues, and exercised his inherent power to grant a new trial in his sound discretion, and not arbitrarily. *Millers Cas. Ins. Co. v. Holbert*, 253 Ark. 69, 484 S.W.2d 528 (1972). In that case, an insured sought payment from an insurance company on a policy. The jury found for plaintiff and fixed damages at $5,800 despite evidence that the damages to plaintiff's apartment were $15,000. On a motion for new trial, the circuit court held that it had submitted erroneous instructions to the jury and granted a new trial. Specifically, the circuit court instructed the jury that it should find for the insurance company if any portion of the insured's loss was caused by his own neglect, rather than diminish the recovery to the extent that this neglect caused loss. *Id*. On review, this court held, "There was no abuse of discretion unless the jury verdict itself can be said to clearly demonstrate that it did not result from the instructions the circuit court felt were erroneous." *Id*. at 71, 484 S.W.2d at 529. Importantly, this court declined to adopt the appellants' position that the jury's verdict clearly indicated that it followed the law and that the erroneous instruction was irrelevant. The court stated, "We are unable to discern the basis of the jury verdict." *Id*.

Similarly, here, we cannot say that the verdict clearly demonstrates that it did not result from the erroneous instructions to the jury. The erroneous jury instructions involved the jury's consideration of Slaton's negligence and an allocation of his fault, and the jury placed

one hundred percent of the fault on him. It is simply too speculative to attempt to separate the erroneous instructions from the jury's verdict. Thus, based upon the cumulative errors surrounding the jury's consideration of Slaton, including the late-filed third-party complaints, the erroneous instruction on the burden of proof and the placement of Slaton on the jury's verdict form, we hold that the circuit court did not abuse its discretion in granting a new trial.

Because we affirm the circuit court's grant of a new trial, we need not discuss the arguments raised by Robbins on cross-appeal.

Affirmed.

CORBIN and DANIELSON, JJ., dissent.

**PAUL E. DANIELSON, Justice, dissenting.** I am certainly sympathetic to the plight of both the circuit court and the parties in trying this case without the benefit of our most recent rule changes. Nonetheless, I would reverse and remand for the simple reason that the jury found that neither English nor Brunner violated the standard of care; therefore, any analysis of error regarding allocation is irrelevant. I respectfully dissent.

CORBIN, J., joins.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *R.T. Beard* and *Megan D. Hargraves*; and *Malcom Law Firm*, by: *J. Phillip Malcom*, for appellants.

*The Boyd Law Firm*, by: *Charles Phillip Boyd, Jr.*; and *Beacon Legal Group PLLC*, by: *Benjamin R. McCorkle*, for appellee.