RHONDA K. WOOD, Associate Justice | ]This is an appeal from the grant of a new trial.[1] Appellant, plaintiff below, sued for negligence; after a trial, the jury awarded damages. Appellee, defendant below, filed a motion for a new trial, complaining that plaintiff s counsel had misrepresented certain facts to the jury during closing argument. We hold that the circuit court acted within its discretion when it granted appellee a new trial; accordingly, we affirm. This case arose from a pedestrian collision. Kartika Hopper was driving her car, turned at an intersection, and suddenly collided with Michelle Smith in a crosswalk. Smith sued Hopper for negligence. The central factual dispute at the jury trial was whether the traffic signal read “Walk” or “Don’t Walk” when Smith entered the crosswalk. A police officer testified that Smith had told him, right after the accident, that the traffic signal read “Don’t Walk.” On the other hand, a paramedic testified that she could not recall police |2officers speaking with Smith at the accident scene, and Smith herself testified that the sign read “Walk.” Because the police officer’s testimony was the crux of Hopper’s case. Smith’s counsel tried to call his credibility into question. Specifically, during rebuttal closing arguments, Smith’s counsel made the following statements about the police officer’s written accident report: And [the police officer], in my humble opinion, was written up for this. [[Image here]] The report was just a disaster. We feel like that [the police officer] got reprimanded for that and that’s why he said what he said. Once Smith’s counsel ended his rebuttal closing argument, the circuit court asked the attorneys to approach the bench, and the following colloquy took place: Court: Was there ever any testimony or any evidence at all in this trial about this officer being written up and reprimanded? Smith’s counsel: No, that is my subjective belief. Hopper’s counsel: We would request a limiting instruction. Court: Yes, I am going to tell them to disregard that argument. [[Image here]] I am going to tell them that there has been no evidence [[Image here]] —that this officer was ever reprimanded in anyway [sic] for what he did. The court went on to tell the jury to disregard any argument that the police officer was punished for his accident report. The case was then submitted to the jury, which returned a verdict in Smith’s favor and awarded $42,605 in damages. |SA few days later. Hopper filed a motion for a new trial. The motion argued that a new trial was warranted under Ark. R. Civ. P. 59(a)(2) because of misconduct of the prevailing party.[2] Namely, Hopper argued that Smith’s counsel had improperly stated that the police officer was punished for his accident report. The circuit court agreed and granted a new trial. Smith has appealed from that order. The first issue is whether Hopper waived her right to a new trial. Smith argues that the circuit court should not have granted a new trial because Hopper’s attorney never objected during closing argument. For support, Smith cites Jones Rigging & Heavy Hauling, Inc. v. Parker, 347 Ark. 628, 66 S.W.3d 599 (2002). There, a party asked for a new trial based on Ark. R. Civ. P. 59(a)(3), which permits the court to grant a new trial for “accident or surprise which ordinary prudence could not have prevented.” We held that a party asking for a new trial based on surprise must object and ask for a continuance in order to preserve the issue. Because no such objection was made, we reasoned that the circuit court’s decision to grant a new trial rested on an erroneous interpretation of Rule 59(a)(3). In this case, Hopper’s counsel never objected during closing arguments to Smith’s counsel’s comments and asked for a limiting instruction only after the court had raised the issue sua sponte. This failure to object, however, did not prevent the circuit court from granting a new trial. The reason we require an objection is to apprise the circuit court of an error. We have stated before that any error argued on appeal must have first been ^directed to the trial court’s attention in some appropriate manner, so that the court has an opportunity to address the issue. Switzer v. Shelter Mut. Ins. Co., 362 Ark. 419, 208 S.W.3d 792 (2005). A party cannot wait until the outcome of a case to bring an error to the trial court’s attention. Id. Here, the circuit court became aware of the error on its own. So to require an objection to apprise the circuit court of an error it noticed itself would be unnecessary.[3] While Smith points us to Jones Rigging for support that an objection is required, the present case is different. Here, the grounds for the new trial were not surprise under Rule 59(a)(3) but attorney misconduct under Rule 59(a)(2). In addition, in Jones Rigging, there was neither an objection nor any request to cure the error. Jones Rigging, 347 Ark. at 634, 66 S.W.3d at 603. In this case, the court was aware of the error and Hopper asked for curative relief in the form of a limiting instruction, which the court granted. Thus, Hopper’s actions were consistent with our Jones Rigging opinion: the court must be apprised of the error and have an opportunity to cure it during the trial itself. The second issue is whether the circuit court abused its discretion in granting a new trial. We hold that there is no basis to reverse the circuit court’s decision. We will [^reverse a circuit court’s order granting a motion for a new trial only if there is a manifest abuse of discretion. English v. Robbins, 2014 Ark. 511, 452 S.W.3d 566. Manifest abuse of discretion means a discretion improvidently exercised, i.e., exercised thoughtlessly and without due consideration. Id. “[A] showing of abuse of discretion is even more difficult when a new trial has been granted because the beneficiary of the verdict which was set aside has less basis for a claim of prejudice than does one who unsuccessfully moved for a new trial.” Roberts v. Simpson, 275 Ark. 181, 182, 628 S.W.2d 308, 309 (1982). The circuit court issued an extensive order listing its reasons for granting a new trial. The order noted that the police officer was one of three essential -witnesses. The court further found that Smith’s counsel’s statements that the police officer had been reprimanded for the accident report were intended by counsel to be “asserted as facts and were totally unsupported by any evidence.” The statements were “improper, prejudicial, misleading and resulted in [Hopper] not receiving a fair trial.” Thus, the court granted a new trial. This decision was not a manifest abuse of discretion. The court’s order took great care in outlining just how harmful counsel’s statements were. It is clear that the circuit court thoughtfully decided the issue. The court sat through the entire trial and was in a much better position than we are to observe the effect counsel’s statements had on the jury. See, e.g., Moody Equip. & Supply Co. v. Union Nat’l Bank, 273 Ark. 319, 322, 619 S.W.2d 637, 639 (1981) (noting that the “trial judge had heard all the testimony and was in a position far superior to ours to know whether ... the misconduct ... might have tipped the scales”). Moreover, Smith has less basis for a claim of prejudice because she still |fihas another chance to prevail. See English, 2014 Ark. 511, at 5, 452 S.W.3d at 570. For these reasons, we affirm the circuit court’s order granting a new trial. Affirmed. Danielson, Baker, and Hart, JJ., dissent. . 1 This court accepted certification from the court of appeals pursuant to Rule 1 — 2(b) of the Rules of the Supreme Court and Court of Appeals.. . A motion for a new trial based on misconduct of the prevailing party includes misconduct by the prevailing party's attorney. See Suen v. Greene, 329 Ark. 455, 947 S.W.2d 791 (1997). . Smith points us to two cases in support of her proposition that a contemporaneous objection is required. See Butler Mfg. Co. v. Hughes, 292 Ark. 198, 729 S.W.2d 142 (1987); John Cheeseman Trucking, Inc. v. Dougan, 313 Ark. 229, 853 S.W.2d 278 (1993). In both of these cases, we affirmed the circuit court’s denial of a motion for a mistrial because the party waited until after the case was submitted to the jury to raise the issue. Butler Mfg., 292 Ark. at 202, 729 S.W.2d at 144; John Cheeseman, 313 Ark. at 237, 853 S.W.2d at 283. But these cases are off point. Here, we are reviewing a circuit court's decision to grant a new trial, not a decision to deny a belated motion for a mistrial. Moreover, there is no concern regarding the court being unaware of the error: as we have pointed out, the circuit court in this case became aware of the error on its own.