Josephine Linker Hart, Justice
Kyle Rhodes, Wesley Atwood, and Samantha Hudon (Rhodes), individually and as class representatives, appeal from a Pulaski County Circuit Court order granting judgment on the pleadings and dismissing their cause of action against the Kroger Company, Andrea Tyson, and Patrick Scherrey (Kroger). On appeal, Rhodes argues that Arkansas Code Annotated section 4-75-501 provides them with a vested right to equal pricing; the exceptions added by Act 850 of 2017 do not apply retroactively; and the circuit court abused its discretion in granting Kroger's motion for judgment on the pleadings when questions of fact remained. We affirm.
Prior to its amendment in 2017, section 4-75-501 stated:
§ 4-75-501. Manufactured products, coal oil, or dressed beef.
(a) It shall be unlawful for any person, company, corporation, or association engaged in the sale of any manufactured product, coal oil, or dressed beef, to:
(1) Sell any such manufactured product, coal oil, or dressed beef at a greater cash price at any place in this state, than the person, company, corporation, or association sells the manufactured product, coal oil, or dressed beef at other points in this state, after making due allowance for difference in cost of carriage or other necessary cost; or
(2) Willfully refuse or fail to allow to any person, corporation, or company making purchases of the manufactured product, coal oil, or dressed beef all rebates and discounts which are granted by them to other purchasers, for cash, of like quantities of the manufactured product, coal oil, or dressed beef.
*389 (b)(1) Any person, company, corporation, or association violating any of the provisions of this section shall forfeit not less than two hundred dollars ($ 200) nor more than one thousand dollars ($ 1,000) for every such offense.
(2) Each unlawful sale or refusal or failure to allow the rebate or discount shall constitute a separate offense.
(c)(1) The penalty in cases pursuant to this section is to be recovered by an action in the name of the person, company, corporation, or association damaged by the greater price or refusal of, or failure to allow, the rebate or discount or in the name of the state at the relation of any prosecuting attorney in this state.
(2) The moneys thus collected shall be paid to the person, company, corporation, or association bringing the suit, and, when the suit is brought in the name of the state, the moneys collected shall be paid, one-fourth (1\4) to the prosecuting attorney bringing the suit and three-fourths (3\4) to the Public School Fund.
(3) Actions and suits under this section may be brought in any county in which the offense was committed by action at law or suit in equity in the circuit court.
(4) When the defendants are persons, companies, or associations, the service of summons upon the defendants in any county of this state shall be a sufficient service. Where the defendant is a corporation, the service of summons upon any agent of the corporation in this state shall be a lawful service.
(5) Several offenses under this section may be joined in one (1) action or suit.
Ark. Code Ann. § 4-75-501(a) - (c) (Repl. 2011).
On April 30, 2015, Rhodes filed a class-action complaint alleging that Kroger[1] had violated section 4-75-501(a)(2) through its Kroger Plus Card policies and procedures. Kroger answered and moved to dismiss. After the case was removed to federal court and remanded, a hearing was held in the circuit court. The circuit court granted the motion to dismiss as to Tyson and Scherrey but denied it as to Kroger. The case was again removed to federal court but was subsequently remanded.
On March 29, 2017, the General Assembly passed a bill entitled an "Act Concerning Arkansas Price Discrimination, to Allow Retailers to Offer Discounts to Customers, and to Declare an Emergency." Act of April 3, 2017, No. 850, 2017 Ark. Acts 4515. The governor promptly signed it, and the emergency clause made it effective as of April 3, 2017. Id. § 4. In addition to minor editorial changes to the statute, Act 850 added a new subsection that reads:
(b) This section does not apply to:
(1) A discount or rebate that is offered without charge to all purchasers on an equal basis, regardless of whether the purchaser chooses to accept or fulfill any of the nonmonetary conditions for receiving the discount or rebate; or
(2) A discount or rebate that is offered without charge to all members of a specified group, including without limitation senior citizens, students, or current or former members of the United States Armed Forces, if that group is not defined by race, color, sex, religion, or national origin of the purchaser.
Id. § 2(b)(1)-(2).
The Act also contains language that made the changes to the statute retroactive to January 1, 2012. Id. § 3.
*390 Kroger moved for judgment on the pleadings. In large part, Kroger relied on the passage of Act 850 to assert that its Kroger-Plus-Card program and its senior-citizen discount were explicitly exempted by the amended statute. However, it further asserted that it did not violate section 4-75-501 because it did not "willfully refuse to give [Rhodes] discounts and [had] not willfully failed to allow [Rhodes] from getting discounts through the Kroger Plus Card." It claimed that the plaintiffs were repeatedly invited to obtain a Kroger Plus Card. Kroger urged the circuit court to apply the "functional-availability doctrine" which is recognized in federal court and routinely applied to Robinson-Patman Act cases.[2]
At the August 29, 2017 hearing, the circuit court, having considered the pleadings, motion, briefs, and arguments of the parties, granted Kroger's motion to dismiss. The circuit court made no written findings. Rhodes timely filed a notice of appeal.
Motions for judgments on the pleadings are not favored by the courts. LandsnPulaski, LLC v. Ark. Dep't of Corrections , 372 Ark. 40, 269 S.W.3d 793 (2007). However, it is appropriate if the pleadings show on their face that there is no merit to the suit. Id. Our standard of review for the granting of a motion to dismiss is whether the circuit court abused its discretion. See Doe v. Weiss , 2010 Ark. 150, 2010 WL 1253216. This court has described abuse of discretion as a high threshold that requires not only error in the circuit court's decision, but also that the ruling was made improvidently, thoughtlessly, or without due consideration. GSS, LLC v. CenterPoint Energy Gas Transmission Co. , 2014 Ark. 144, 432 S.W.3d 583. When we review the granting of judgment on the pleadings, we view the facts alleged in the complaint as true and in the light most favorable to the party seeking relief. LandsnPulaski, LLC, supra.
Because Rhodes's first two points are intertwined, we will address them together. Rhodes argues that Arkansas Code Annotated section 4-75-501 creates a vested right to equal pricing. Consequently, the changes to the statute made by Act 850, which he contends is substantive law, can only be applied prospectively. In support of his argument, Rhodes directs us to English v. Robbins , 2014 Ark. 511, 452 S.W.3d 566, in which we discussed the distinction between substantive law and procedural law. The English court noted that the plain language of an act is not the only consideration in determining whether a statute can be applied retroactively-even express language that a statute is to be applied retroactively must still be scrutinized to determine whether it impairs or disturbs a contractual or vested right or creates a new obligation. Id. Laws involving substantive rights cannot be constitutionally applied retroactively. Id. The English court echoed the definition of a "substantive law as one that "creates, defines, and regulates the rights, duties, and powers of parties." 2014 Ark. 511, at 7-8, 452 S.W.3d at 571-72 (quoting Johnson v. Rockwell Automation, Inc. , 2009 Ark. 241, at 8, 308 S.W.3d 135, 141 ).
We reject Rhodes's argument that the original version of section 4-75-501 created a "vested right" to fair pricing. This argument misinterprets the nature of penal statutes. As this court stated in Nebraska National Bank v. Walsh ,
*391 First. The prime object of every statute strictly penal is to enforce obedience to the mandates of the law, by inflicting punishment upon those who disregard them; and, in statutes primarily and properly penal the provision for punishment never rests in uncertainty, is never based upon a contingency. The general public is supposed to be injured by the violation of every penal statute, whether any special injury results to any particular individual or class of individuals or not. The punishment is provided as a sanction to the law, and is imposed for the public good, to deter others from the commission of like offenses.
68 Ark. 433, 436, 59 S.W. 952, 953 (1900).
Accordingly, the focus of section 4-75-501 is not to bestow a right on the public, but to prevent injurious conduct. Thus, Rhodes's reliance on English is misplaced. The Uniform Contribution Among Tortfeasors Act (UCATA), which was at issue in English is not a penal statute. Furthermore, although Act 116 of 2013 was titled "AN ACT TO CLARIFY THE MEANING OF THE UNIFORM CONTRIBUTION AMONG TORTFEASORS ACT," in effect it redefined the meaning of joint and several liability. In so doing, UCATA altered an injured person's right to collect the whole judgment from any of the multiple tortfeasors whose actions combined to injure the plaintiff. Ark. Code Ann. § 16-61-201 et seq. (Supp. 2017).
Nonetheless, we agree with Rhodes that Act 850 is substantive law in that it defines the parameters of section 4-75-501 in a way that was not previously set forth in the statute. Accordingly, it cannot be given retroactive application. That, however, does not end our inquiry.
Rhodes next argues that the alternative basis for the circuit court's granting Kroger's motion to dismiss--application of the "functional availability" doctrine as advocated by Kroger in its brief--also constituted an abuse of discretion. Rhodes asserts that the functional-availability doctrine, which is associated with the Robinson-Patman Act, which is an antitrust statute, does not "cross over" to section 4-75-501 cases. He asserts that the object of section 4-75-501 is consumer protection, whereas the object of Robinson-Patman is protecting competition. We do not find this argument persuasive.
The functional-availability doctrine provides that a plaintiff cannot recover for price discrimination when the plaintiff "failed to take advantage of a price concession which was realistically and functionally available." Bouldis v. U.S. Suzuki Motor Corp. , 711 F.2d 1319, 1326 (6th Cir. 1983). The rationale underlying the functional-availability doctrine is that it negates essential elements of a price discrimination claim. See Smith Wholesale Co., Inc. v. R.J. Reynolds Tobacco Co. , 477 F.3d 854, 866 (6th Cir. 2007) ("Where a purchaser does not take advantage of a lower price or discount which is functionally available on an equal basis, it has been held that either no price discrimination has occurred, or that the discrimination is not the proximate cause of the injury."). Simply stated, the functional-availability doctrine operates to keep the focus of an anti-price-discrimination statute on the actions of the seller--not the result that may be affected by the conduct of the buyer. Accordingly, we hold that the rationale underlying the functional-availability doctrine is relevant to section 4-75-501 cases.
Section 4-75-501 proscribes two broad categories of conduct by a seller: selling covered goods at a greater cash price and willfully refusing to give all rebates and discounts on a nondiscriminatory basis. The purpose of the statute is to prevent a seller from acting in a discriminatory *392 manner. The functional-availability doctrine operates to keep the focus of the statute on the conduct of the seller by preventing a consumer from creating a situation-such as refusing to use a Kroger Plus Card-which results in a consumer's failing to receive a discount or rebate, thus invoking the punitive provisions of the statute. In the case before us, it is not disputed that Kroger has consistently and uniformly offered its Kroger Plus Card to all the named plaintiffs. Further, it was only the named plaintiffs' willful refusal to take part in the Kroger Plus program that created the situation that is the primary focus of the class-action complaint. Thus, Kroger has not violated section 4-75-501 by willfully refusing or failing to give the discounts afforded to Kroger Plus Card holders to all persons, so Rhodes has failed to state a viable cause of action as a matter of law. When a pleading is dismissed because it is legally insufficient, it is proper to dismiss the complaint with prejudice. David Newbern and John J. Watkins, Arkansas Civil Practice and Procedure § 14:7 (4th ed. 2006)
Finally, we decline to reverse the circuit's order of dismissal with regard to Kroger's senior-citizen discount. As noted previously, the purpose of statutes that are penal in nature is to prevent conduct that is deemed by the General Assembly to be injurious to the public. In pertinent part, section 4-75-501 is violated when sellers "willfully refuse or fail to allow to any person, corporation, or company making purchases ... all rebates and discounts that are granted by them to other purchasers." When we strictly construe a penal statute, as we must, all doubts must be resolved in favor of the defendant, and nothing may be taken as intended which is not clearly expressed. Hales v. State , 299 Ark. 93, 94, 771 S.W.2d 285, 286 (1989). While Rhodes's complaint asserts that purchasers effectively paid a different price for certain manufactured goods, completely absent is any allegation that these purchasers asserted that they wished to receive the senior-citizen discount and that Kroger, through its employees or agents "willfully refuse[d] or fail[ed] to allow" the discount. Because the focus of section 4-75-501 is on the conduct of Kroger, the absence of any factual allegation regarding the mens rea is fatal to this cause of action. Accordingly, we hold that the circuit court did not abuse its discretion in granting judgment on the pleadings.
Affirmed.
Wood and Womack, JJ., concur in part and dissent in part.

Andrea Tyson and Patrick Scherrey, district managers for Kroger Company, were named in the complaint for implementing the Kroger Card policies.

The Robinson-Patman Act, codified at 15 U.S.C. § 13, is an amendment to the Clayton Antitrust Act that prohibits price discrimination that hinders competition or tends to create a monopoly. Black's Law Dictionary 1354 (8th ed. 2004).